JAMES McFADDEN, Appellant, v. BARTHOLOMEW FORTIER, Appellee.

APPEAL FROM PEORIA.

A proceeding by *scire facias* to foreclose a mortgage, is a proceeding *in rem*, and the writ is both process and declaration, and defects therein can be reached by demurrer.

A "*scire facias*" should, like other process, run in the name of the people, etc.; if not, it is void on its face, and may be reached by general demurrer, though a motion to quash would be more proper.

If a party withdraws his demurrer and pleads over, it is a waiver of the error.

A *scire facias*, not running in the name of the people, may be amended.

If a *scire facias* sets out a mortgage not under seal, a mortgage under seal is not admissible in evidence under it.

A demurrer to an amended plea may be carried back to a *scire facias* or declaration, if judgment under them could be arrested for defects in them, but not in a case where appearance and pleading has cured the error.

Upon a *scire facias* to foreclose a mortgage given for the purchase money of land, a plea, which avers that the vendor represented himself to be the owner of the land in fee simple, which he was not, etc., and that the vendee has since acquired the legal title from the real owners, etc., is defective, unless it also avers that the vendee relied upon such representations, and was thereby induced to take the conveyance.

In applying payments, the interest is first to be satisfied, and if the payment exceeds the interest, the balance is to be applied in diminution of the principal. If the payment falls short of the interest due, the balance of interest is not to be added to the principal, but remains as interest, to be satisfied by the next adequate payment. The interest is first to be paid.

THE writ issued in this case was in the words and figures following :

STATE OF ILLINOIS, \
County of Peoria, } ss.    To the Sheriff of Peoria county, in the State of Illinois, Greeting :

Whereas, on the 14th day of August, A. D. 1854, Bartholomew Fortier filed in the office of the Circuit Court of said county, a precipe in substance as follows, to wit :

BARTHOLOMEW FORTIER \
     vs.         } In Peoria Circuit Court. To Sept. Term, A. D. 1854. \
JAMES McFADDEN. /

The clerk of said court will please issue writ of *scire facias* to foreclose mortgage herewith filed in the above entitled cause, returnable to said term.

        [Signed]         MANNING & MERRIMAN,

                                Attorneys for Plaintiff.

And whereas, also, on the same day was filed in said office a mortgage, in substance as follows, to wit :

THIS DEED, made this seventeenth day of April, in the year of our Lord one thousand eight hundred and forty-nine, between James McFadden, of Peoria, in the county of Peoria, and State of Illinois, of the first part, and Bartholomew Fortier, of the county of St. Clair, in the State aforesaid, of the second part, wit-

McFadden *v.* Fortier.

nesseth : That the said party of the first part, for and in consideration of the sum of five thousand dollars, paid by the said party of the second part, the receipt of which is hereby acknowledged, doth by these presents grant, bargain and sell unto the said party of the second part, his heirs and assigns, a certain tract or parcel of land, containing fifty-four thousand eight hundred and ninety-eight square feet and fourteen-hundredths of a square foot, surveyed and designated as covered by claims one, eleven, forty-one and forty-two, in the south-east fractional quarter of fractional section nine, in township eight north, of range eight east of the fourth principal meridian, in Illinois, according to the survey approved 1st Sept., 1840, by the surveyor of the public lands in the States of Illinois and Missouri, in which said lots are particularly described in a certain patent from the President of the United States to the legal representatives of Francis Welette, and their heirs, dated the 28th day of August, A. D. 1845. To have and to hold the said premises as above described, together with all and singular the hereditaments and appurtenances thereto belonging, or in anywise appertaining, to the said party of the second part, his heirs and assigns, forever.

And the said party of the first part, for himself and his heirs, executors, and administrators, doth hereby covenant to and with the said party of the second part, his heirs and assigns, that he is well seized of the premises above conveyed, as of good and indefeasible estate in fee simple, and has good right to sell and convey the same in manner and form as aforesaid; that they are free from all incumbrance, and that the above bargained premises in the quiet and peaceable possession of the said party of the second part, his heirs or assigns, against the claims of all persons whomsoever, he will forever warrant and defend. Provided, nevertheless, that if the said party of the first part, his heirs, executors or administrators, shall well and truly pay to the said party of the second part, his heirs, administrators or assigns, the just and full sum of five thousand dollars, in manner specified as follows: That is to say, six hundred dollars cash down, four hundred dollars 1st of November, 1849, and the residue in equal annual payments of one thousand dollars each, as specified in certain promissory notes bearing even date herewith, then this deed, as also certain notes bearing even date with this indenture, given by the said party of the first part to the said party of the second part, conditioned to pay the said sum of money at the time aforesaid, shall be void; otherwise to remain in full force and virtue.

In testimony whereof, the said party of the first part hath hereunto set his hand and seal, the day and year first above written.

Signed, sealed and delivered    ⎫
   in presence of                   JAMES McFADDEN.
        H. J. Rugg.   ⎭

Upon which mortgage is a certificate of Jacob Gale, clerk of the Circuit Court within and for the county of Peoria, an officer authorized by law to take acknowledgments of deeds, of the acknowledgment of the execution of said mortgage, by said James McFadden, the maker thereof, which certificate is in substance as follows, to wit:

STATE OF ILLINOIS,   ⎫
   PEORIA COUNTY,     ⎬    I, Jacob Gale, Clerk of the Circuit Court within and for said county, do certify that on this day personally appeared before me, James McFadden, whose name appears subscribed to the foregoing deed of con-

McFadden *v.* Fortier.

veyance, as having executed the same, and who is personally known to me to be the real person who and in whose name the acknowledgment is proposed to be made, and acknowledged the execution thereof as his voluntary act and deed for the uses and purposes therein expressed.

Given under my hand and seal of said court at Peoria, this seventeenth day of April, eighteen hundred and forty-nine.

[L. S.]                                    JACOB GALE, *Clerk.*

Which said mortgage was duly executed and recorded in the recorder's office of Peoria county, and the whole of the money secured to be paid by the same, has become due and payable.

And the said plaintiff further avers that the said promissory notes in the mortgage referred to, are in substance as follows :

$1,000.—On the first day of November, 1850, I promise to pay Bartholomew Fortier, one thousand dollars, with six per cent. interest.
April 17, 1849.                          JAMES McFADDEN.

$1,000.—On the first day of November, 1851, I promise to pay Bartholomew Fortier one thousand dollars, with six per cent. interest.
*April* 17, 1849.                        JAMES McFADDEN.

$1,000.—On the first day of November, 1852, I promise to pay Bartholomew Fortier one thousand dollars, with six per cent. interest.
*April* 17, 1849.                        JAMES McFADDEN.

$1,000.—On the first day of November, 1853, I promise to pay Bartholomew Fortier one thousand dollars, with six per cent. interest.
*April* 17, 1849.                        JAMES McFADDEN.

And for that whereas the said plaintiff avers that the said defendant, although often requested so to do, hath not paid the said sums of money mentioned in said notes referred to in said mortgage, and secured to be paid by said mortgage, with interest according to the tenor of said notes, or any part thereof, or the accruing interest thereon, to the said plaintiff, nor hath any person paid the same or any part thereof to the said plaintiff, for the said defendant, but that the said sum of five thousand dollars, being the amount of the notes secured to be paid by the said mortgage, with interest thereon from maturity of said notes, still remains due and unpaid.

You are therefore commanded to summon the said James McFadden, if he be found in your county, to be and appear before the Circuit Court of Peoria county, on the first day of the next term thereof, to be holden at Peoria, in and for said county, on the second Monday of September next, to show cause, if any he has, why judgment should not be rendered for such sum of money as may be found to be due by virtue of said mortgage,

and a special writ of *fieri facias* requiring the property mortgaged to be sold to satisfy such judgment.

Witness, Jacob Gale, Clerk of said county, and the [SEAL.] seal thereof, at Peoria, this 14th day of August, A.D. 1854.                          JACOB GALE, *Clerk.*

The defendant demurred to the writ, which was overruled. The defendant then filed three pleas, to the first and second of which the plaintiff replied.

1st.    That the mortgage was not his.

2nd.    Payment.

3rd.    Fraud, etc.    The plea is in substance as follows:    And for further plea in this behalf, the said defendant says *actio non*, because he says that the said mortgage was, with said notes, given to secure the payment of the purchase money for the land therein described, and that on the same day of the making and execution of said notes and mortgage, to wit, on the 17th day of April, A. D. 1849, and as constituting a part and parcel of the same contract, and as a consideration for the same, the said Bartholomew Fortier and Angelica his wife, made, executed and delivered to the defendant, a deed for the said land in said mortgage described, in substance as follows:

THIS INDENTURE, made this seventeenth day of April, A. D. 1849, between Bartholomew Fortier and Angelica his wife, of St. Clair county, in the State of Illinois, of the first part, and James McFadden, of Peoria, in the county of Peoria and State of Illinois, of the second part, *Witnesseth*, That the said parties of the first part, for and in consideration of the sum of five thousand dollars to them paid and secured to be paid by the said party of the second part, the receipt whereof is hereby acknowledged, have granted, bargained and sold, and by these presents do grant, bargain and sell unto the said party of the second part, and to his heirs and assigns forever, in fee simple, the following described lots or tract of land, that is to say, the lot or lots containing fifty-four thousand eight hundred and ninety-eight square feet and fourteen-hundredths of a square foot, surveyed and designated as covered by claims numbered one, eleven, forty-one and forty-two, in the south-east fractional quarter of fractional section nine, in township eight north, of range eight east of the fourth principal meridian, in Illinois, according to the survey approved September 1, 1840, by the surveyor of the public lands in the States of Illinois and Missouri, which said lots are particularly described in a certain patent from the President of the United States to the legal representatives of Francis Wilitte and their heirs, dated the 28th day of August, A. D. 1845, to which, for greater certainty, reference is hereby made.

To have and to hold the premises aforesaid to the said party of the second part, and to his heirs and assigns forever. And the said parties of the first part do, for themselves and their heirs, covenant and agree with the said party of the second part, that the said Angelica, wife of the said Bartholomew Fortier, is the sole heir and legal representative of Francis Wilitte, mentioned and described in the patent

McFadden v. Fortier.

aforesaid, and that they will warrant and defend the title to the said premises against all persons claiming the same from, by or through the said parties of the first part.

Witness our hands and seals the day and year above written.

his

BARTHOLOMEW X FORTIER. [SEAL.]

mark.

her

ANGELICA X FORTIER. [SEAL.]

mark.

*Witness:* H. J. RUDD.

Witnesses to the signature of Mrs. Fortier,
JOHN ENGLEMAN,
D. W. HOPKINS,
ANDREW GRIMES.

And the said defendant avers, that the said premises in the said deed and in the said mortgage described, are one and the same premises, and not other or different.

And the said defendant further avers, that at the time of the making and execution of the deed aforesaid, the said Angelica, wife of the said plaintiff, was not the sole heir and legal representative of the said Francis Wilitte; and that as to the land purported to be conveyed by said deed, she was not the heir or legal representative of the said Wilitte, and that neither she nor the said plaintiff had, at the time aforesaid, any interest in or title to said real estate, nor any part thereof, either in possession, remainder, reversion, or otherwise however; and this he is ready to verify. Wherefore he prays judgment, etc.

The plaintiff below interposed a demurrer to the third plea. Demurrer was sustained, and leave was given to amend.

The following amendment to the third plea was filed:

BARTHOLOMEW FORTIER, ⎱ In the Circuit Court of Peoria county.
*vs.* ⎰ Sci. Fa. on Mortgage.
JAMES McFADDEN. Amendment to third plea.

And the said defendant further avers, that at the time of making and executing the said deed in said plea mentioned, the said plaintiff falsely and fraudulently represented to the said defendant that the said Angelica, wife of the said plaintiff, was the owner in fee simple of said land in said deed and mortgage described; and the defendant avers that the said Angelica was not the owner in fee simple of said land, nor any part thereof, neither had she, at the time, any interest in the same, either in possession, remainder or reversion; and that since the execution of said mortgage, said defendant has purchased the legal title and acquired possession of the said land from the real owners of the same.

To the plea, as amended, the plaintiff demurred, and the court sustained the demurrer.

On the trial there was a verdict for plaintiff. The defendant entered a motion for a new trial.

The plaintiff offered in evidence a mortgage dated April 17, 1849, which was the same as that set out in writ, except that the word " in " is omitted, and that it had a seal.

The plaintiff offered four notes in evidence.

Plaintiff admitted payments amounting to five hundred and ten dollars.

The plaintiff asked the following instructions, which were given:

1. The rule of counting interest, where payments have been made, in this case is, that the payments shall be first applied in the payment of interest. The payment is to be deducted from the amount of principal and interest then due, and the remainder is to constitute the principal on which interest is to be calculated until the next payment, and so on.

2. If the payment does not amount to the interest at the time of its being made, then the principal, as then due, is to be constituted the principal on which interest is to be calculated, until the payment or payments exceed the amount of interest, when the amount of the payment is to be deducted from the sum of interest and principal and interest as above stated, and the remainder is to form the principal on which interest is to be calculated—following these rules until the computation of interest is ended. If the payments at any time do not exceed the amount of interest then due, no interest is to be calculated upon the payments up to that time.

The defendant entered a motion for a new trial, which was overruled, and the defendant excepted.

The defendant appealed.

The plaintiff now assigns the following errors on the record:

The court below erred in overruling the demurrer to the writ.

The court erred in sustaining the demurrer to the third plea of the defendant below.

The court erred in not extending the demurrer to the writ.

The court admitted improper evidence on the part of the plaintiff.

The court gave improper instructions on the part of the plaintiff.

The court erred in the rule laid down computing interest.

The court erred in overruling the motion for a new trial.

H. Grove, for Appellant.

Manning & Merriman, for Appellee.

BREESE, J. This is a proceeding by *scire facias* to foreclose a mortgage. To the writ a general demurrer was filed, which the court overruled, and leave was given to withdraw the demurrer and plead.

The defendant then filed three pleas, and to one of them, the third, there was a demurrer, which was sustained, and leave given to amend; and to this amended plea there was also a demurrer, which was also sustained.

The errors assigned question the correctness of these decisions.

The proceeding by *scire facias* to foreclose a mortgage, is a proceeding *in rem*, and the writ is considered both as process and declaration, and defects therein can be reached by demurrer. *Marshal* v. *Maury*, 1 Scam. R. 231.

The defect in the writ is very apparent. It does not run in the name of " the People of the State of Illinois," as the constitution declares all writs and process shall run. The writ is void on its face, and the objection can be raised by general demurrer, though it would be more proper to reach it by motion to quash.

This court has decided that a fee-bill, which by law has the force and effect of an execution, is void, if it does not run in the name of the People of the State of Illinois. *Reddick* v. *Cloud's Adm'r*, 2 Gilm. R. 678; *Ferris* v. *Crow,* 5 ib. 100; and cases there cited. So in a criminal case, if the indictment does not contain the words " in the name and by the authority of the People of the State of Illinois." Breese R. 4.

The court should have sustained the demurrer to this *scire facias*. But as the party withdrew the demurrer and pleaded over, he cannot assign this as error, for by pleading, the demurrer is waived. *Buckmaster* v. *Grundy*, 1 Scam. R.; *Gilbert* v. *Haggard*, ib. 471. It has, however, been decided by this court, (*the President and Directors of the State Bank* v. *N. Buckmaster*, Breese R. 133,) in precisely such a case as this, that the omission of these words in a writ of *sci. fa.* is a mere misprision of the clerk, and is amendable after a motion is made to dismiss, on account of the omission. Here no motion was made to amend.

On the trial, the mortgage was introduced as evidence, which showed an instrument under seal. That set out in the *scire facias*, is not under seal. The variance is apparent, and the mortgage therefore should have been excluded.

It is urged by the appellant that the demurrer to the amended plea should be carried back to the declaration, although a demurrer had been overruled as to the *scire facias*.

As a general rule, when the declaration or *scire facias* is so defective that the judgment would be arrested, the demurrer

would be carried back to it, and judgment given against the party committing the first error. But in this case the judgment would not be arrested on account of the imperfection of the writ, for appearance and pleading cures the defect; and this is the rule even in the case of void process like this. *Easton* v. *Altum*, 1 Scam. R. 250.

The demurrer was properly sustained to the third plea amended, because it does not allege that he confided in and relied upon the representations of the plaintiff as set out in the plea. It is not shown they were the causes which induced the execution of the deed.

The rule adopted for computing the interest was correct.

The rule is now nearly universal, that in casting interest on notes, bonds, etc., upon which partial payments have been made, every payment is to be first applied to keep down the interest, but the interest is never allowed to form a part of the principal so as to carry interest.

The correct rule in general is to calculate interest whenever a payment is made; to this interest the payment is first to be applied, and if it exceeds the interest due, the balance is to be applied to diminish the principal. If the payment falls short of the interest, the balance of interest is not to be added to the principal so as to produce interest, but is to be set apart, to be extinguished, together with the accumulated interest, by the next payment, and so on until final payment or judgment, the principle of the rule being that interest is to be first paid.

There is great uniformity in the courts of the different States on the propriety of this rule. *Lightfoot* v. *Price*, 4 Hen. & Mun. R. 431; *Smith* v. *Shaw's Adm'r*, 2 Wash. C. C. R. 167; *Penrose* v. *Hart*, 1 Dallas R. 379; 8 Serg. & R. 458; 1 Pick. R. 194; 17 Mass. R. 417.

For the variance, however, between the mortgage set out in the *sci. fa.* and the one offered in evidence, the judgment is reversed and the cause remanded.

*Judgment reversed.*