## COMMISSIONERS OF HIGHWAYS OF LAWNDALE

*v.*

## EDMUND BARRY.

1. AMENDMENT—*of process not under seal.* Where a motion is made to quash a common law writ of *certiorari*, because not under the seal of the court, the court may, under the statute of amendments, on cross-motion for that purpose, allow the writ to be amended by adding the seal of the court thereto.

2. HIGHWAYS—*legality of order laying out.* Where copies of a petition for laying out a road were duly posted on March 14, 1870, and the commissioners of highways did not cause a survey of the road to be made until June 19, 1871, and on June 24, 1871, they deposited with the town clerk an order establishing the road, in which it was recited, that on April 13, 1870, they examined the proposed route and determined to lay out the road: *Held*, that the delay in causing the survey to be made, and in making the order and depositing it with the town clerk, was unreasonable, and that thereby the commissioners lost jurisdiction to establish the road, and that their order was properly quashed on *certiorari*.

WRIT OF ERROR to the Circuit Court of McLean county; the Hon. THOMAS F. TIPTON, Judge, presiding.

Messrs. STRAIGHT & STRAIGHT, for the plaintiffs in error.

Mr. O. T. REEVES, and Mr. C. R. DICKINSON, for the defendant in error.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

The record of the proceedings of the commissioners of highways of Lawndale township, in McLean county, in laying out a certain highway, was brought before the circuit court of that county for review, by a writ of *certiorari.* The commissioners of highways entered a motion in the circuit court to quash the writ of *certiorari,* because it was not issued under the seal of the court, whereupon the defendant in error entered a cross-motion to amend the writ by adding the seal. The court allowed the cross-motion, and granted leave to the clerk to amend the writ by adding the seal, and overruled the motion to quash the writ. On a hearing of the cause the proceedings of the commissioners in laying out the road were quashed and judgment was rendered against them for costs.

To reverse this judgment the commissioners bring the record here, and assign for error the refusal of the court to quash the writ, and the quashing of the proceedings in laying out the road.

Our statute of amendments and jeofails provides, that "The courts before whom any misprision or default is, or shall be found, in any record or process which is, or hereafter shall be depending before them, etc., by misprision of the clerk of any of the said courts, etc., shall have power to amend such defaults or misprisions according to their discretion," etc.

In the case of *The State Bank* v. *Buckmaster,* Breese, 133, it was held by this court that the omission in a writ, of the

32—66TH ILL.

words, "The People of the State of Illinois to the coroner," etc., was a mere misprision of the clerk and amendable. The same case was cited and its authority recognized in *McFadden* v. *Fortier*, 20 Ill. 509.

It is a constitutional requirement that writs, etc., shall run " in the name of the People of the State of Illinois." It is a legislative requirement that " all process, issuing from the circuit courts, shall be sealed with the judicial seal, which shall be provided for that purpose." Gross' Stat. (1868) 175 sec. 43.

If the omission in a writ of what is a constitutional requisite, may be supplied by amendment, it would seem to follow, by parity of reasoning, that the omission of what is made a statutory requirement might be supplied in like manner.

Various expressions have been cited by counsel from sundry opinions of this court, where a question of amendment was in no way involved, to the effect that a writ without a seal is void, and it is said that a void thing can not be amended; whence it is argued that the writ was incapable of amendment by the affixing of a seal. But in like manner writs will be found spoken of in decisions, as void, which do not run in the name of "The People of the State of Illinois," *Ferris* v. *Crow*, 5 Gilm. 96; *McFadden* v. *Fortier*, *supra*; although they have been held, as above, to be amendable in that respect. It is not uncommon to confound void with voidable, and to term void that which is only voidable.

We regard the omission of the seal as a mere misprision of the clerk, and that the court properly allowed the writ to be amended by affixing the seal to it.

For other authorities sanctioning the practice of such amendment, see *Purcell* v. *McFarland*, 1 Iredell 34, *Clark* v. *Hellen*, ibid. 421, *People* v. *Steuben*, 5 Wend. 103, *Sawyer* v. *Baker*, 3 Greenleaf, 29.

The copies of the petition for the road in question were posted up in three of the most public places of the town, as required by the road law, on the 14th day of March, 1870.

Within thirty days from that time the commissioners of highways should have acted in laying out the road. It was not until the 19th day of June, 1871, that they caused the survey of the road to be made, and it was not until the 24th day of June, 1871, that they made and deposited with the town clerk their order establishing the road.

This was upwards of one year and two months after the expiration of the thirty days, from the time of posting the petition for the road; within which thirty days, the commissioners should have determined upon the laying out of the road. It is true, the order establishing the road recites that the commissioners, on the 13th day of April, 1870, examined the proposed route for the road, and perhaps it shows that they on that day determined to lay out the road, but the long delay in causing the survey of the road to be made, and in making the order establishing the road and depositing it with the town clerk, was unreasonable. The proceedings for the laying out of a road, when commenced, should be pursued with reasonable dispatch to their completion.

No specific time is required by the statute within which to file the order of the commissioners establishing the road, in the office of the town clerk.

In *Town* v. *The Town of Blackberry*, 29 Ill. 137, and *Allison* v. *Com'rs of Highways*, 54 id. 170, it was held that the order should be filed in a reasonable time, a failure in which respect would be an abandonment of the proceeding.

We must hold that there was a failure in this case to make the order establishing the road, and to file it in the office of the town clerk, within a reasonable time; that the commissioners thereby lost jurisdiction to establish the road, and that the order establishing it was properly quashed.

The judgment is therefore affirmed.

*Judgment affirmed.*