NATHAN SIDWELL

*v.*

MELINDA SCHUMACHER.

*Filed at Mt. Vernon June 21, 1881.*

1. EJECTMENT—*plaintiff must recover on the strength of his own title.* It is a familiar principle that a plaintiff in ejectment must recover, if at all, on the strength of his own title. The defendant's possession will not be permitted to be disturbed until the plaintiff has shown a clear title as against him.

2. SAME—*proof to support a claim under a mortgage as against a deed by the mortgagor.* Where both parties in ejectment claim title to land through a common source, the defendant through a deed, and the plaintiff through the foreclosure by *scire facias* of a mortgage given by the grantor in the deed, it will be incumbent on the plaintiff to show that the mortgage was made before the deed under which the defendant claims, in order to recover.

3. POSSESSION—*as evidence of title.* The plaintiff in ejectment, in making out his claim of title, gave in evidence a judgment, execution, and deed of the sheriff, in a proceeding by *scire facias* to foreclose a mortgage on the premises, and then proved that some time before the foreclosure the mortgagor had been in possession of the premises for several years, claiming the same as owner. It was *held,* the fee simple title was established in the mortgagor by such proof of his actual possession of the premises, under claim of ownership.

4. SPECIAL EXECUTION—*is process.* A special execution for the sale of mortgaged premises, issued under a judgment of foreclosure by *scire facias,* is process, within the meaning of the constitutional provision requiring all process to run in the name of the People. Such provision is mandatory, and not merely directory.

5. SAME—*sale under, when void.* A sale of land under an execution, general or special, that does not run in the name of the People, or that is not under the seal of the court, or that is not signed by the clerk, or directed to the proper officer, is absolutely void, and may be successfully resisted in any kind of a proceeding, or in any forum in which the question may arise.

6. PRACTICE—*of a general and specific objection to evidence.* The rule requiring a specific objection to evidence to be made on the trial, applies only in cases where the objection, if specifically pointed out, might be obviated. It has no application to a case where the objection could not, under any circumstances, be remedied. A general objection is sufficient to exclude evidence that is not admissible under any circumstances.

7. JUDICIAL SALE—*distinction as to sale under void and voidable process.* If the process under which real estate is sold is void, it is not amendable to sustain the sale, and the sale will be void; but if the writ is only voidable, and therefore merely erroneous, the sale will be good until set aside by a direct proceeding for that purpose, and can not be questioned in a collateral proceeding.

8. PROCESS—*when void.* Where the law expressly directs that process shall be in a specified form, and issued in a particular manner, such a provision is mandatory, and a failure on the part of the officer whose duty it is to issue it, to comply with the law in that respect, will render such process void. The law making power has the right to say of what process shall consist, and where it has declared that it shall be of a specified form, by implication all other forms are prohibited.

APPEAL from the Circuit Court of Wayne county; the Hon. WILLIAM C. JONES, Judge, presiding.

This was an action of ejectment, brought by appellee against appellant, to the October term, 1879, of the Wayne county circuit court, for the recovery of the east half of the northeast quarter of section 1, township 1 south, range seven east.

Appellee, for the purpose of showing title in herself, introduced in evidence, against the objections of appellant, a judgment of the Wayne circuit court, at its March term, 1874, in a proceeding by *scire facias* to foreclose a mortgage, wherein appellee was plaintiff and one Gideon Metz was defendant, a special execution, with a return thereon showing a sale by the sheriff and a purchase of the premises by appellee, and a deed from the sheriff to her in pursuance of the sale. For

the purpose of establishing title in Metz, it was further shown that he was in the actual possession of the premises in 1856 and 1857, claiming the same as owner. In 1858 he removed to White county, and remained there till 1860, when he returned to Wayne county and lived on the premises but a short while, and then went into the army, and never occupied them afterwards.

To overcome the case thus made by appellee, appellant relies, among other things, on the possession of the premises and the payment of all taxes assessed thereon for a period of seven years, under claim and color of title made in good faith. The evidence shows that the land in controversy was sold by the sheriff of Wayne county in 1859, for taxes, and that John Rapp became the purchaser, who subsequently, on the 4th of December, 1862, received a sheriff's deed for the same. The deed from the sheriff to Rapp is regular upon its face, and contains the ordinary recitals usually found in tax deeds. Rapp took possession under this deed in the winter of 1862, and he and those claiming under a connected chain of paper title from him, including appellant, had continuous possession of the premises from that time till the commencement of this suit, and paid all taxes during this time legally assessed thereon. By way of rebuttal it is further shown, that William Shaeffer, through whom appellant claims, purchased the premises in controversy in December, 1865, of Isaac Green, assignee of Rapp, and paid a part, if not all, of the purchase money at the time, but that he did not obtain possession or receive a conveyance from Green till in February following, and that in the meantime, to-wit: on the 2d of January, 1866, under the advice of counsel, Shaeffer also purchased of Metz, for the consideration of $50, his interest in the premises, and accepted of him a quitclaim deed therefor. It further appears, from the record, that the special execution under which appellee purchased at the sheriff's sale, does not, as required by the constitution, run in the name of the People of the State of Illinois.

Under this state of facts the court found the issue for appellee, and entered judgment accordingly. Appellant brings the record to this court, and asks a reversal.

Mr. C. C. BOGGS, for the appellant:

The sale under the judgment of foreclosure is void for want of valid process.

The execution does not run in the name of the People of the State of Illinois, as required by article 6, section 33, constitution of 1870, of all process. An execution is process. *Insurance Co.* v. *Hallock,* 6 Wall. 556.

If the statute requires a seal, and the execution has none, it is void, and the purchaser takes no title from the sale under it. *Beal* v. *King,* 6 Ohio, 11; *Moore* v. *Detchwaudry,* 11 Mo. 431; *Morsor* v. *Branhaw,* 27 id. 351; *Insurance Co.* v. *Hallock,* 6 Wall. 536.

If a failure to comply with a statute renders an˙ execution void, could an execution which failed to comply with a constitutional requirement be less than absolutely and wholly null and void?

The execution is void also because it issued against Gideon Metz, deceased, the judgment being against W. H. Johnson, administrator, etc. The execution and judgment must correspond as to the character of the parties. *Palmer* v. *Palmer,* 2 Conn. 462; Rorer's Jud. Sales, secs. 717, 732, 746; Herman on Executions, 424, and note 6.

A sale of a decedent's land on execution on judgment against the administrator, will confer no title. Rorer's Jud. Sales, sec. 748; *Doe* v. *Woody,* 4 McLean, 75.

No title can pass to any one by the operation of void process, and the plaintiff in the judgment, as purchaser, was chargeable with notice. *King* v. *Cushman et al.* 41 Ill. 31.

Proof of a sale of land under a judgment of foreclosure by *scire facias,* on a mortgage, and a deed thereunder, without proof of the existence of the mortgage or when it was recorded, will not entitle the party to recover in ejectment

against a defendant claiming under a deed from the mortgagor.

Mr. James McCartney, for the appellee:

Appellee showed title to the land by first showing Gideon Metz to have been in possession claiming title, for over ten years. This, although the lowest, is sufficient evidence of title to throw the burthen of proof contradicting it upon the opposite side. *McConnell* v. *Reid*, 2 Scam. 117; *Herbert* v. *Herbert*, Beecher's Breese, 354.

Appellee then produced in evidence a judgment upon *scire facias* on foreclosure of mortgage against administrator of Gideon Metz. She then offered in evidence a special execution issued under said judgment, describing the land and ordering a sale thereof. She then offered in evidence the indorsement upon the execution, showing a sale of the land in question for the amount of the judgment and costs. She then offered in evidence the sheriff's deed, executed by virtue of said judgment, execution and sale,—the time of redemption having expired. She then showed prior peaceable possession of the land, claiming title, for more than ten years, by Gideon Metz, the defendant in the execution. *Herbert* v. *Herbert*, Beecher's Breese, 354; *Brooks* v. *Bruyn*, 18 Ill. 539.

This made a *prima facie* title in appellee. *McConnell* v. *Reid*, 2 Scam. 117.

The defects charged by appellant's counsel to exist in the claim of title are collateral questions, and can only be reached in a direct proceeding, if at all. They can not be availed of in a collateral proceeding. *Buckmaster* v. *Carlin*, 3 Scam. 104.

The administrator was the only necessary party to the suit. *Chickering et al.* v. *Failes et al.* 26 Ill. 507.

Process is the means of compelling a defendant to appear in court. Bouvier's Dic. In this case there was really no execution, but only an order of the court to sell the land

described in the order. It is not a process against any person, or a writ to levy upon any property.

That the process was not under seal, etc., the objection can not be made for the first time in this court. No such objection was made on the trial. It was only general. *Vasey* v. *Town Trustees*, 57 Ill. 188; *Miere* v. *Brush*, 3 Scam. 21; *Joseph* v. *Fisher*, id 137; *Town of Harlem* v. *Emmert*, 41 Ill. 319. .

Mr. JUSTICE MULKEY delivered the opinion of the Court:

There are but two questions arising out of the foregoing state of facts which we deem of sufficient importance to consider, both of which relate to the sufficiency of appellee's title. It is a familiar principle, that a plaintiff in ejectment must recover, if at all, on the strength of his or her own title. The defendant's possession will not be permitted to be disturbed until the plaintiff has shown a clear title as against the defendant.

The fee simple title to the premises is established in Metz by showing he was in the actual possession of them as late as 1860, claiming them as owner. Appellee then, for the purpose of showing title in herself, introduces in evidence the judgment, execution, and deed of the sheriff in the foreclosure proceeding, which was not instituted till 1874. Now, while the judgment of foreclosure may be accepted as sufficient evidence that Metz, at some time prior to that proceeding, executed a mortgage on the premises to appellee, yet if there be anything in the record to fix the exact time of its execution, it has escaped our attention. As the evidence shows that Metz died in 1867, the mortgage, of necessity, must have been made before that time. But the important inquiry is, was it made before the conveyance of Metz to Shaeffer, on the 2d of January, 1866? At the institution of the present suit appellant was in possession of the premises sought to be recovered, under a deed executed by Metz, and as appellee

derives title through Metz, it certainly devolved on her to show that he had previously conveyed his title to her, and this could not be done by simply showing that in a proceeding by *scire facias* to foreclose a mortgage in 1874, to which neither appellant nor those through whom he claims were parties, appellee recovered a judgment against the administrator of Metz, and that the premises were sold on execution under the judgment, and that she became the purchaser. If, as a matter of fact, the mortgage was executed before Metz's deed to Shaeffer, it, or a certified copy of it, should have been introduced in evidence to establish that fact, and not having done so, appellee failed to establish the better title. As Metz evidently made two conveyances to the same land, we are aware of no principle by which, in the absence of testimony to that effect, we would be authorized to indulge in any speculations or presumptions with respect to their dates, for the purpose of giving one precedence of the other.

It is also maintained by appellant, that the sale under the foreclosure proceeding is absolutely void, for the reason the special execution under which it was made did not run in the name of the People of the State of Illinois, as required by the constitution. In answer to this objection, appellee insists that a special execution like the one in question is not, within the meaning of the constitution, process. We can not yield our assent to this position. The authorities cited by appellee in support of it are not in point, and do not, in our judgment, in the slightest degree tend to sustain it. We are clearly of opinion that the writ in question is process, within the meaning of that provision of the constitution.

It is next claimed that this objection was not specifically made in the court below, and can not, therefore, for the first time be interposed here. This position is not tenable either. The rule here insisted upon is applicable only in cases where the objection, if specifically pointed out, might be obviated. It has no application to cases where the objection could not, as is the case here, under any circumstances be remedied.

There is no principle pertaining to the production of testimony better settled than that a general objection is sufficient to exclude evidence that is not admissible under any circumstances. If there be anything in the objection to this evidence at all, it is clearly of that character. If the execution, by reason of not conforming to the requirements of the constitution, is void, then it was not amendable on the trial, and it is wholly unimportant whether the objection was specifically pointed out or not, as appellee could not possibly have been thereby prejudiced. If, on the other hand, the writ was only voidable, and therefore merely erroneous, the sale would be good until set aside by a direct proceeding for that purpose, and could not be questioned in a collateral proceeding like the present. The important question, therefore, is, whether the failure of the writ to run in the name of the People, as required by the constitution, renders it void or merely voidable.

While there is some conflict of authority upon this subject, yet it is believed that the weight of authority establishes the proposition, that where the law expressly directs that process shall be in a specified form, and issued in a particular manner, such a provision is mandatory, and a failure on the part of the official whose duty it is to issue it, to comply with the law in that respect, will render such process void. On the other hand, it is well settled that there are many merely formal defects which do not have that effect. To illustrate, where the statute or constitution expressly requires that process shall issue under the seal of the court, and be tested in the name of and signed by the clerk, the failure to comply with either of these requirements would, as it is believed, according to the weight of authority, render the process void. The legislature or the people, through the constitution, have the unquestionable right to say of what process shall consist, and when they have declared that it shall be of a specified form, by implication all other forms are prohibited. If such laws are merely directory, then writs are as valid without

their observance as with it, and every clerk would be at liberty to issue process in whatever form might suit his fancy. If one of these requirements may be omitted, all may, on the same principle. Under such a system, one clerk might conclude that the ceremony of attaching a seal was idle and useless. Another might think the writ would be sufficient with the seal, and that the addition of the name of the clerk would therefore be superfluous. Another might think all these requirements of the law are but idle ceremonies, and for them substitute something altogether different.

Under such a system of things, how could the defendant in the process know what was valid and binding upon him and what was not, and when to obey and when not? And how could the officer into whose hands it was delivered for execution know whether he would be protected in serving it or not? And what would become of the almost numberless questions discussed by the courts and legal authors, founded upon the supposed distinction between void and voidable process, if there are no essential requirements by which the one can be distinguished from the other?

It will, doubtless, be conceded, that the constitutional requirement that all process "shall run in the name of the People," stands upon at least as high footing as the statutory provisions which require process to be issued under the seal of the court, and to be tested in the name of and signed by the clerk. That it is so regarded is expressly conceded in *Commissioners, etc.* v. *Barry,* 66 Ill. 496.

The decisions, therefore, with respect to the omission of a seal or other statutory requirement, will be directly in point upon the question involved in this case.

While, possibly, all the expressions of this court in the various cases that have come before it, and which have more or less bearing on the question under consideration, can not be fully reconciled, yet it is believed that the actual decisions of this court are substantially in accord with each

other, and in line with the decided weight of authority in England, and the other States of this Union.

The first case bearing on this subject is that of the *State Bank* v. *Buckmaster*, Beecher's Breese, 176. This case holds, that the omission of the words "the People of the State of Illinois," in the introductory part of a summons, is an amendable clerical error, and that it is error to dismiss a suit on account of such omission. The question in that case did not arise in a collateral proceeding, as in the case now under consideration, but upon an application to amend the writ before judgment.

In *Curry* v. *Hinman*, 11 Ill. 420, which, like the present, was an action of ejectment, it was objected that a tax sale was void because the judgment order under which it was made did not run in the name of the People, and it was held that the copy of the judgment order was not process, within the meaning of that provision of the constitution. The opinion in the case seems to concede the objection would have been well taken had the copy of the judgment order been regarded as process. It is to be noted that in the latter case no reference is made to the *Buckmaster case, supra*.

In *Commissioners, etc.* v. *Barry*, 66 Ill. 496, the circuit court having allowed a writ of *certiorari* to be amended by affixing the seal, which had been omitted by the clerk, on appeal to this court its action in allowing the amendment was sustained, and the *State Bank* v. *Buckmaster, supra*, and *Mc-Fadden* v. *Fortier*, 20 id. 509, are cited in support of the conclusion reached. It is to be observed that the applications to amend in the *Buckmaster* and *Barry* cases were made before judgment, and, therefore, in neither of those cases was the effect of a sale under judicial proceedings without such an amendment presented.

*Bybee* v. *Ashby*, 2 Gilm. 151, like the present case, was an action of ejectment. The plaintiff, to show title in himself, relied upon a sale and sheriff's deed under a judgment rendered in the Knox county circuit court, the land in contro-

versy being situated in Fulton county. The execution under which the sale was made, by a mere clerical error was directed to the sheriff of Knox county, instead of Fulton county. Several years after the sale, the circuit court, without notice to the defendant in the judgment, allowed an amendment of the execution under which the sale was made, and on error to this court the amendment was held to have been improperly allowed. This court, in the course of its opinion, there said: "The courts all proceed upon the ground that the process must be regular upon its face to justify the officer, in which case he is bound to execute it, and his acts will be valid; * * * but where the execution is not regular upon its face, as, for instance, it is issued without the proper seal of the court attached, or where, as in this case, it is directed to the sheriff of one county and delivered to the sheriff of another county to be executed, such process will not justify the officer in executing it, and all his acts under it will be absolutely void and he a trespasser, and the purchaser will acquire no right to the property purchased at the sale."

*Ferris* v. *Crow*, 5 Gilm. 96, was also an action of ejectment. The plaintiff in that case relied upon a sale under a fee bill which did not run in the name of the People, and this court held that the court below properly refused to permit the fee bill to be read in evidence, for that reason. This case holds that the failure to comply with the constitutional provision rendered the fee bill and the sale under it absolutely void, and in support of this conclusion the court cites with approval *Gilbreath* v. *Kuikendall*, 1 Ark. 50, *Estell* v. *Baily*, id. 131, *Hutchins* v. *Edson*, 1 N. H. 139, *Fowler* v. *Watson*, 4 Mo. 27, and *Little* v. *Little*, 5 id. 227, in which similar constitutional provisions have received the same construction. To the same effect is *Reddick* v. *Cloud's Admr.* 2 Gilm. 670.

*McFadden* v. *Fortier, supra,* was a proceeding by *scire facias* to foreclose a mortgage. The writ, as in the present case, did not run in the name of the People, and it was there said:

"The defect in the writ is very apparent. It does not run in the name of the People of the State of Illinois, as the constitution declares all writs and process shall run. The writ is void on its face," etc.

*Davis* v. *Ransom et al.* 26 Ill. 100, was an action of replevin, for the recovery of certain chattels which were claimed under an execution sale. On the trial of the cause, the court below excluded as evidence the execution under which the sale was made, on the ground that it was not under seal, and on appeal to this court the ruling of the court below was sustained. In that case, in considering the effect of such an omission, it was, among other things, said: "Besides, the execution, as set out in the bill of exceptions, wants a seal, and is therefore void and of no effect."

*Durham et al.* v. *Heaton*, 28 Ill. 264, discusses and fully recognizes the distinction between void and voidable process, and mentions as an instance of void process a writ from a court of record without a seal.

In *Leighton* v. *Hall*, 31 Ill. 108, where it appeared, in a proceeding for a divorce, that the court had entered an interlocutory order for alimony, directing that upon the defendant being served with a copy of the order by the sheriff he should pay to him the amount of alimony specified in the order, and in default of such payment the sheriff should arrest the defendant, and him safely keep in close custody until he paid the same, or until he was otherwise discharged by the court; and the sheriff having been attached for refusing to make the arrest under the order, upon the defendant refusing to pay the alimony, it was held, such an order being in the nature of final process, and not running in the name of the People of the State, as required by the constitution, was void, and the sheriff had no right to make an arrest under it.

In *Hernandez* v. *Drake*, 81 Ill. 34, where the validity of a sale of real estate under an execution to which the clerk had inadvertently omitted to sign his name was under consideration, it was said: "The next question presented is, what

was the effect of the execution issued without the signature of the clerk?. The 40th section of the chapter entitled 'Courts,' Rev. Stat. 1845, p. 147, provides, that 'the clerks of the circuit courts may issue process in all cases arising therein, which process shall bear test in the name of and be signed by such clerks, respectively, and be dated on the days on which they issue, and be made returnable according to law.' That the writ must be signed by the clerk is made indispensable by this enactment. The signature is as essential under this law as is the seal or other specific requirement, and in its absence the writ must be held to confer no power upon the officer to whom it was directed."

Whatever the law may be with respect to the power of courts to allow amendments before judgments, where the parties have appeared in obedience to defective or even void process for the purpose of taking advantage thereof, of which we express no opinion, as it is not necessary to a decision of this case, the present review of the authorities clearly warrants the conclusion that a sale of land under an execution that does not run in the name of the People, that is not sealed, or is not signed by or directed to the proper officer, is absolutely void, and may be successfully resisted in any kind of a proceeding, or in any forum in which the question may arise.

The conclusion reached upon these questions renders it unnecessary to notice the other questions discussed in the briefs of counsel.

The judgment of the circuit court is reversed, and the cause remanded for further proceedings in conformity with this opinion.

*Judgment reversed.*