T. F. WEAVER

*v.*

PEASLEY & CO. *et al.*

*Filed at Springfield November 10, 1896.*

1. PROCESS—*statute requiring all process to be under seal of the court is mandatory.* The provision of the statute (Rev. Stat. 1874, p. 332,) that all process shall be under the seal of the court is mandatory, and an execution without such seal is void, and cannot be amended after a sale thereunder.

2. SAME—*sale of land under an execution without a seal is void.* A sale of land under an execution without the seal of the court is absolutely void, and may be successfully resisted whenever or wherever the question may arise.

3. ESTOPPEL—*acts which do not estop party from questioning the validity of a sale.* A party moving to stay a sale upon grounds other than its validity is not estopped from thereafter asserting its invalidity, where he was ignorant of that fact at the time such motion was made and did nothing to cause others to rely upon its legality.

*Peasley & Co.* v. *Weaver,* 64 Ill. App. 80, affirmed.

APPEAL from the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of McLean county; the Hon. ALFRED SAMPLE, Judge, presiding.

FIFER & BARRY, for appellant:

The omission to attach the seal was a mere clerical error,—a misprision of the clerk. It is an error of form, and not of substance, and the amendment should be allowed after as well as before sale. Freeman on Executions, sec. 46; *Bridewell* v. *Mooney,* 25 Ark. 524; *Taylor* v. *Courtney,* 15 Neb. 190; *Dever* v. *Aiken,* 40 Ga. 429; *Corwith* v. *Bank,* 18 Wis. 560; *Sabin* v. *Austin,* 19 id. 421; *People* v. *Dunning,* 1 Wend. 16; *Dounice* v. *Eacker,* 23 Mich. 286; *Sawyer* v. *Baker,* 3 Greenl. 29; *Purcell* v. *McFarland,* 1 Ired. 34; *Rose* v. *Railroad Co.* 47 Iowa, 420.

The same statute which requires process to be sealed also requires it to be dated. But an execution without date may be amended. (*Mooney* v. *Moriarity,* 36 Ill. App.

177.) And it may be amended in that regard either before or after sale.   *Durham* v. *Heaton,* 28 Ill. 264.

Special execution may also be amended by changing the date therein of the issue of the writ of attachment, and by changing the date of the judgment, as therein stated.   *Hogue* v. *Corbit,* 156 Ill. 546.

For errors of form courts tend to correct rather than quash.·   Freeman on Executions, secs. 46, 78.

A motion to stay an execution is a confession of the validity of the judgment. After a motion to stay, defendants are estopped to show the judgment is void.   *Anderson* v. *Kimbro,* 5 Cold. 260.

Where a party receives the proceeds of a sale, he is estopped to deny the validity of the proceeding.   *Walker* v. *Mulvean,* 76 Ill. 18; *Corwin* v. *Shoup,* id. 246; *Byars* v. *Spencer,* 101 id. 429; *Penn* v. *Hiesy,* 19 id. 295.

Where a party treats a judgment as valid, and by his actions induces another to act with reference to it as if valid, the defendant is estopped to deny its validity. *Hill* v. *Blackwelder,* 113 Ill. 290.

Void judicial sales may be ratified and parties estopped from questioning the same.   They are an exception to the rule that that which is void cannot be ratified. Freeman on Void Judicial Sales, sec. 50; *Maple* v. *Cussard,* 53 Pa. St. 348; *Johnson* v. *Fritz,* 44 id. 449; *DeLord* v. *Mercer,* 24 Iowa, 118; *McConnell* v. *People,* 71 Ill. 481; *Johnson* v. *Cooper,* 56 Miss. 608; *Osborne* v. *Elder,* 65 Ga. 364.

Appellees having made their motions, which necessarily admitted the validity of the execution, by implication at least, should not afterwards be permitted to show that it was not valid.   *Anderson* v. *Kimbro,* 5 Cold. 260.

A. W. PEASLEY, *pro se* and for appellees:

Where the law expressly directs that process shall be in a specified form such a provision is mandatory.   *Ames* v. *Sankey,* 128 Ill. 523; *Eagan* v. *Connelly,* 107 id. 466; *Ferris* v. *Crow,* 5 Gilm 96; *Sidwell* v. *Schumacher,* 99 Ill. 433.

Void process cannot be amended. *Bybee* v. *Ashby*, 2 Gilm. 151; *Durham* v. *Heaton*, 28 Ill. 264; *Sidwell* v. *Schumacher*, 99 id. 427.

A sale of land under an execution that is not under the seal of the court is absolutely void, and may be successfully resisted in any kind of a proceeding or in any form in which the question may arise. *Davis* v. *Ransom*, 26 Ill. 100; *Sidwell* v. *Schumacher*, 99 id. 427; *Hernandez* v. *Drake*, 81 id. 35; *Roseman* v. *Miller*, 84 id. 297; *Bunn* v. *Gardner*, 18 Ill. App. 94; *Baldwin* v. *Freydendall*, 10 id. 111; *Huls* v. *Buntin*, 47 Ill. 396.

The execution being void, all acts performed under it are void, and no rights can be divested by it or acquired under the same. *Meyer* v. *Mintonye*, 106 Ill. 420; *Brown* v. *Parker*, 15 id. 308; *Mining Co.* v. *Mining Co.* 111 id. 38; *Borders* v. *Murphy*, 78 id. 86; *Durham* v. *Heaton*, 28 id. 271.

The doctrine of estoppel *in pais*, or equitable estoppel, is based upon a fraudulent purpose and a fraudulent result. If, therefore, the element of fraud is wanting there is no estoppel. There must be deception and change of conduct in consequence. 2 Story's Eq. Jur. sec. 1543; *Davidson* v. *Young*, 38 Ill. 152; *Wilson* v. *Roots*, 119 id. 397.

The doctrine of estoppel *in pais* will not be applied to a person who has been guilty of no fraud, simply because, under a misapprehension of law, he has treated as legal an act open to the inspection of all. *Dinert* v. *Eilert*, 13 Ill. App. 99; *Holcomb* v. *Boynton*, 151 Ill. 295; Herman on Estoppel, sec. 969; *Winslow* v. *Cooper*, 104 Ill. 235.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

The circuit court of McLean county overruled a motion of appellees to set aside a sale of lands under an execution upon a judgment against them in favor of appellant. One ground of the motion was that the execution was void for want of a seal. The Appellate Court held that the circuit court erred in not sustaining the

motion, and the judgment was reversed and the cause remanded, with directions to vacate and set aside the execution and sale. On the hearing of the motion appellant entered his cross-motion for leave to amend the execution by attaching a seal. The cross-motion was denied. It is contended by counsel for appellant that the execution was amendable, and the action of the circuit court in denying the motion was assigned as a cross-error in the Appellate Court.

It is insisted that the Appellate Court erred in holding the execution void for want of a seal, and in not sustaining the cross-error. The statute requires all process to be sealed with the seal of the court. (Starr & Curtis' Stat. chap. 37, par. 67.) It has been settled by numerous decisions in this State that this provision is mandatory; that an execution not under the seal of the court is void, and may be successfully resisted wherever the question may arise. (*Bybee* v. *Ashby*, 2 Gilm. 151; *Davis* v. *Ransom*, 26 Ill. 100; *Roseman* v. *Miller*, 84 id. 297.) And an execution which is void for such reason cannot be amended after sale. (*Sidwell* v. *Schumacher*, 99 Ill. 426; *Eagan* v. *Connelly*, 107 id. 458.) In *Sidwell* v. *Schumacher*, *supra*, it became necessary to determine whether an execution could be so amended for the reason the objection that there was no seal was not specifically made in the circuit court, and if the execution was amendable on the trial such objection must have been specifically pointed out so that it might be obviated. The cases in this court were there reviewed, and it was held that where the law expressly directs that the process shall be in a specific form and issued in a particular manner such provision is mandatory, and a failure to comply with the law will render the process void. It was decided that such process cannot be amended after sale, and that a sale of land under such an execution is absolutely void, and may be successfully resisted in any kind of proceeding or in any forum in which the question may arise. No subsequent

amendment of such a writ could relate back and make valid a sale under such process. If no right passed by an attempted sale, no amendment could, by relation, cause something to pass. The execution was void, and the court did not err in overruling the motion for leave to amend.

Appellant also claims that appellees were estopped from questioning the validity of the sale: First, because they entered a motion in this case and in a chancery case to stay the levy and sale before sale was made for other reasons than because the execution was void; second, because the Third National Bank, a judgment creditor of appellees, filed a petition in the case claiming the right to share in the proceeds of the sale under the execution, making appellees defendants, and this petition appellees failed to answer, though ruled to do so, and a decree was rendered in favor of the bank; and third, that the sale was ratified by appellees, as they knew that appellant, the purchaser at the sale, relied on the sale as a satisfaction of his judgment and waived other means of satisfying it. These claims are not tenable. There was no misrepresentation by appellees, and there was nothing which they did which either induced or encouraged the appellant to act in any different manner from what he otherwise would. The means of ascertaining the fact as to the execution was open to appellant, and it was shown that appellees did not know, prior to the sale, that the execution lacked a seal. The appellees neither caused appellant to believe in the validity of the execution nor induced him to act upon such belief. The essential elements of an estoppel or waiver were lacking. In order to a waiver it must be shown that appellees knew their rights, and it is proved in this case that they did not. There is no element of estoppel, waiver or ratification, and the judgment of the Appellate Court will be affirmed.

                                        *Judgment affirmed,*