A. F. DOREMUS*

v.

THE PEOPLE ex rel. Kochersperger, County Treasurer.

*Opinion filed April 21, 1898—Rehearing denied June 8, 1898.*

1. SPECIAL ASSESSMENTS—*effect of amendment of 1885 to section 35 of article 9 of City and Village act.* The amendment of section 35 of article 9 of the City and Village act, (Laws of 1885, p. 63,) by which the clerk certifies the roll and judgment and issues the collection warrant directly to the collector, instead of to the city clerk, as formerly, repeals by implication that part of section 36 requiring the warrant to contain a copy of the judgment and roll.

2. SAME—*it is sufficient if a certified copy of judgment and roll is attached to warrant.* The provisions of section 36 of article 9 of the City and Village act, which require that the warrant for the collection of a special assessment shall contain a copy of the clerk's certificate of the judgment describing the property assessed, etc., are sufficiently complied with if the copy of the assessment roll and judgment, and the clerk's certificate, are attached to the warrant.

3. SAME—*clerk may certify part of assessment roll before entire roll is confirmed.* Where, for any reason, the entire assessment roll is not confirmed at one time, the clerk of the court may certify to the collector the part of the roll confirmed, without waiting for the confirmation of the remainder.

APPEAL from the County Court of Cook county; the Hon. ORRIN N. CARTER, Judge, presiding.

JOHN D. ADAIR, CLIFFORD N. WHITE, and WILLIS MELVILLE, for appellant.

CHARLES S. THORNTON, Corporation Counsel, JOHN A. MAY, and F. W. PRINGLE, for appellee.

Mr. JUSTICE CRAIG delivered the opinion of the court:

This is an appeal from a judgment of the county court of Cook county, rendered on the application of the county collector for judgment against delinquent lands and town

---

*This case also disposes of the following: *Gross v. People ex rel.* No. 144; *Same* v. *Same,* No. 145; *Same* v. *Same,* No. 146.

lots for non-payment of taxes and special assessments. The judgment was rendered against appellant's lands for a delinquent special assessment.

The principal ground relied upon to defeat a judgment against appellant's lands is embraced in appellant's sixth objection filed in the county court, as follows: "The said alleged warrant does not contain a copy of the certificate of judgment of confirmation, describing the lots, blocks, tracts or parcels of land of these objectors, of either of their respective lots, blocks or parcels of land assessed, and the respective amounts, if any, assessed on each lot, block, tract or parcel of land of these objectors, or either of them."

Where a petition has been filed, in pursuance of an ordinance, to make an assessment to pay for a local improvement, under section 23 of article 9 of the City and Village act, (Rev. Stat. p. 235,) the court is required to appoint three commissioners. Section 24 requires the commissioners shall examine the locality where the improvement is proposed to be made and the lands that will be benefited, "and to estimate what proportion of the total cost of such improvement will be of benefit to the public and what proportion thereof will be of benefit to the property to be benefited, and apportion the same between the city or village and such property, so that each shall bear its relative equitable proportion," and to assess the amount so found to be of benefit to the property, upon the several lots and lands, in the proportion in which they will be severally benefited by the improvement. Section 26 requires the commissioners to make an assessment roll, in which shall appear the names of the owners, so far as known, a description of each lot or tract of land and the amount assessed as special benefits, and in which they shall set down, as against the city, the amount found as public benefit, and certify such assessment roll to the court by which they were appointed. Section 30 provides that any person interested in any real

estate to be affected by the assessment may appear and file objections to the report. Section 31 provides for a hearing, and section 33 provides for a judgment modifying or confirming the assessment. Section 34 provides that the judgment shall have the effect of a several judgment as to each tract of land assessed. Sections 35 and 36, as they now appear in the statute, (Starr & Cur. 1896, p. 770,) are as follows:

"Sec. 35. The clerk of the court in which such judgment is rendered shall certify the assessment roll and judgment to the officer of such city * * * authorized to collect such special assessments, or if there has been an appeal or writ of error taken on any part of such judgment, then he shall certify such part of the judgment as is not included in such appeal or writ of error, and such certificate shall be filed in his office by the officer receiving the same. With such assessment roll and judgment the clerk of such court shall also issue a warrant for the collection of such assessment.

"Sec. 36. The warrant, in all cases of assessment under this act, shall contain a copy of such certificate of the judgment, describing the lots, blocks, tracts or parcels of land assessed, and the respective amounts assessed on each lot, block, tract or parcel of land, and shall be delivered to the officer authorized to collect such special assessments. Such warrant shall give sufficient authority to collect the assessments therein specified."

On the application for judgment, for the purpose of rebutting the *prima facie* case made by the collector and showing that section 36 had not been complied with, appellant put in evidence the document which was delivered to the city collector of the city of Chicago by the county clerk of Cook county and filed in his office. This document consisted of the following: First, a copy of the assessment roll, in which are described the lots, parts and parcels of land assessed, and the amount of their assessment as fixed in the roll; second, a copy of the

judgment or judgments of the county court, showing the amount for which each piece, part or parcel of land confirmed is assessed; third, the certificate of the clerk of the county court certifying the roll and judgment or judgments; and fourth, a paper headed "warrant," as follows:

"STATE OF ILLINOIS, ⎱ *ss.*
  *County of Cook.* ⎰

"*The People of the State of Illinois, to the Collector of the City of Chicago—Greeting:* You are hereby commanded to make, levy and collect, or cause to be made, levied and collected, in the manner provided by law, of the several lots, blocks, pieces, tracts or parcels of land mentioned or described in the foregoing special assessment roll, the several sums of money set opposite said lots, blocks, pieces or parcels of land, respectively, the several sums of money being payable as follows: The several sums or amounts included in the column marked 'First Installment' are due and payable from and after confirmation, without interest; the several sums or amounts included in the columns marked 'Second Installment,' 'Third Installment,' 'Fourth Installment' and 'Fifth Installment' are due and payable at the same time as the State and county taxes of the years 1894, 1895, 1896 and 1897, respectively, with interest at the rate of six per cent per annum, as provided by law. And for so doing this shall be your sufficient warrant.

"In witness whereof I have hereunto set my hand and affixed the seal of the said county court, at my office in the city of Chicago, in said county, this 16th day of June, A. D. 1893.

  [Seal.]                     HENRY WULFF,
                         *Clerk of the County Court.*"

The above and foregoing papers were fastened together, and thus constituted one paper denominated a "warrant," which was intended to authorize the city collector of the city of Chicago to collect the various sums named in the assessment roll as therein specified; but as a copy of the judgment describing the lots, blocks and tracts of land assessed, and the respective amounts assessed on each tract, was not inserted in what is denominated the warrant proper, it is contended the warrant was void, and conferred no authority on the city collector to collect the assessment.

If sections 35 and 36, as they now appear in the stat-
ute, had been adopted at the same time, the construction
to be placed upon them would not be entirely free from
difficulty. But such is not the case. Sections 35 and 36
were enacted in 1872, as a part of the City and Village
act. (Laws of 1872, p. 254.) But section 35 as enacted
at that time was different from section 35 as it now ap-
pears in the statute, and read as follows: "The clerk of
the court in which such judgment is rendered shall cer-
tify the assessment roll and judgment to the *clerk* of such
city or village.  *  *  *  The clerk of the city or village
shall file such certificate in his office, and issue a warrant
for the collection of such assessment." Following this
section will be found section 36 as it now appears in the
statute and quoted above. It thus appears that under
section 35 as enacted in 1872, (when section 36 as it now
stands was enacted,) the clerk of the court was not re-
quired to certify the assessment roll and judgment to the
collector of the city, but the law required them to be cer-
tified to the city clerk and filed in his office, and he was
required to issue a warrant to the city collector. The
assessment roll and judgment as certified by the clerk of
the court did not go into the hands of the city collector
at all. There was, therefore, at that time a necessity
for the enactment of section 36 requiring the warrant to
be issued by the city clerk to the city collector, to con-
tain the judgment and assessment roll, otherwise the
collector would have no means of knowing what amount
he was required to collect or from what tract of land the
collection should be made. But in 1885 (Laws of 1885,
p. 63,) the legislature amended section 35, and as amended
it read as it now appears in the statute and set out above.
By the amendment a radical change was made in the
statute. Under section 35 as amended the assessment
roll and judgment are required to be certified by the
clerk of the court in which judgment was rendered, to
the officer of the city or village authorized to collect

the assessment. It is further provided by the section as amended, that "with such assessment roll and judgment the clerk of such court shall also issue a warrant for the collection of such assessment." This amended act of 1885 does not profess to repeal section 36, but in so far as it is inconsistent with that section it will operate as a repeal.

Conceding, therefore, that section 36 as enacted in 1872 required the warrant to contain a copy of the judgment and assessment roll, the requirement of section 35 that the judgment and assessment roll shall be certified to the city collector, with the warrant, is so inconsistent with section 36 that it must be regarded as a modification of the provisions of that section. After the judgment and assessment roll are certified to the city collector, with the warrant required by section 35, no reason exists why the warrant should contain the assessment roll and judgment. In the certification to the city collector as his authority to collect will be found a copy of the assessment roll, a copy of the judgment of confirmation and the certificate of the clerk, and these different papers are all attached to a warrant. What more could be required? Moreover, when the clerk of the court in which the judgment was rendered made out and certified the assessment roll and judgment, and attached to these papers a warrant, as was done here, we are inclined to hold that the warrant contained the assessment roll and judgment, within the meaning of the statute. In other words, the assessment roll and judgment, with warrant attached, constitute the warrant. The statute nowhere requires that the assessment roll and judgment which are to be certified shall be placed in any particular part of the warrant. It is only necessary that they should be connected with the warrant as a part thereof. The fact, therefore, that the assessment roll, judgment and warrant constituted one document, and, as such, was certified to the city collector, must be regarded as a substantial

. compliance with the statute. The warrant thus made out informed the city collector of the description of each lot and tract of land assessed, and, so far as could be done, the name of the owner. It also informed him of the amount assessed, as confirmed and adjudged by the county court. It also informed him that he was authorized to collect from the different property owners the several amounts assessed. The warrant was under seal, and ran in the name of the People. What could be gained by the city collector or the property owner if the assessment roll and judgment had been inserted in what is denominated the "warrant," in a half dozen different places? We perceive no way in which any injury can accrue to any person assessed, or to the city collector, by reason of the failure of the county clerk to duplicate a document or certify a judgment which he had already certified and delivered over, under his official seal, to the city collector. In *Bailey* v. *Ackerman*, 54 N. H. 531, the court held that there was no distinction between a list incorporated in a warrant and a list made a part of the warrant by annexation and reference. The rule adopted in that case applies here.

Much reliance is placed by appellant in the case of *Sidwell* v. *Schumacher*, 99 Ill. 426. In that case it was held that a sale of land under an execution that does not run in the name of the people or that is not under the seal of the court is void. We fully concur in the ruling in that case, but we do not think it is a case in point here.

Many other cases have been cited by counsel, but without entering upon a review of them we think it sufficient to say that they do not control the construction of the statute involved in this case.

It is also contended that there can be no certification of an assessment roll until it has been fully confirmed. We do not concur in that view. A judgment of confirmation of a special assessment is several as to each tract of land assessed. (*Jones* v. *Town of Lake View*, 151 Ill. 663.)

The statute declares that the clerk of the court in which such judgment is rendered shall certify the assessment roll and judgment to the officer of the city or village authorized to collect such special assessments. As the judgment is several, where judgment is rendered as to a part of the lands assessed and for some satisfactory reason suspended or withheld as to another portion of the lands, no reason is perceived why the clerk may not properly certify the assessment roll so far as judgment has been entered, and at a future day, when judgment has been entered as to the residue, certify as to them. There is no provision of the statute requiring the clerk of the court in which the proceedings for confirmation are pending to wait until each and all the tracts of land in the roll have been passed upon by the court, and in the absence of such a statute we see no reason why he should be required to do so. In some of the cases the court allowed the warrants to be amended, but as the warrants were good without amendment it will not be necessary to consider that question.

In docket Nos. 188, 189, 190 and 191, taken as agenda No. 205, the several judgments will be affirmed.

*Judgment affirmed.*