Dennison R. Town, Plaintiff in Error, *v.* The Town of Blackberry, Defendant in Error.

| 29 | 137 |
|----|-----|
| 123 | 91 |
| 29 | 137 |
| 46a | 264 |

#### ERROR TO KANE.

A substantial compliance with the requirements of the statute, in laying out a highway, if nothing fundamental is admitted, is all that is requisite; the strictest possible compliance with the statute is not demanded.

Under township organization, before a new road can be opened, or an old one changed, there must be a report and survey; these, and a plat of the road, must accompany the order of the commissioners declaring such highway opened, which order, with the petition, should be left with the town clerk, who should note the time of filing. A mistake by the clerk in the date of filing, may be shown.

The proceedings, etc., in relation to the opening of a highway, must be filed with the town clerk, within a reasonable time after they occur. But his neglect to mark the correct time of filing, will not be fatal.

10

After the owner of land has accepted the damages allowed for opening a highway, it is too late for him or his grantee, to declare the proceedings for opening it void.

This was an action to recover a penalty under the statute, for obstructing the highway. Plea, not guilty. Jury waived, and trial by the court, the fifth day of March, 1862.

The court found for plaintiff, and rendered a judgment against defendant, for the penalty of three dollars and costs.

Motion by defendant for new trial overruled, and decision of the court excepted to by defendant.

Plato & Smith, for Plaintiff in Error.

J. H. Mayborne, for Defendant in Error.

Breese, J. From all we can discover by a close inspection of the record, it seems there has been a substantial compliance with the requirements of the statute, in laying out and establishing the road alleged to have been obstructed by the plaintiff in error. The law does not require the strictest possible compliance with all its provisions, but only that there shall be nothing omitted to be done which is fundamental.

No question is made as to the regularity of the proceedings under the petition for the road, and the action of the commissioners of highways upon it, up to May 2, 1859. On that day the commissioners made a view of the proposed road, and decided it should be laid out, and fixed a time and place for hearing objections to it, due notice of which was given, a meeting had, objections heard, and on the fourth of June, 1859, a survey thereof was ordered to be made by the county surveyor, who made his report, accompanied by a plat of the survey, showing the courses, distances and names of the adjoining proprietors of the land through which the road would run. Whereupon it was ordered by the commissioners, " that a road be and the same is hereby laid out and established according to said survey and plat hereunto annexed, and made part of this order, which is declared to be a public highway, four rods wide, the line of said survey being the centre of said road." This is dated, " 4th day of May, A. D. 1859," and signed by the commissioners of highways.

The controversy begins right here. The township organization law of 1861, section four, provides when the highway commissioners shall determine to lay out a new road or alter an old one, they shall cause a survey to be made, by a competent surveyor, who shall make a report, etc.; they shall incorporate such report and survey, accompanied with the plat, in an order to be issued by them, declaring such road so laid out to be a public highway; which order, together with the petition, shall be deposited with the town clerk, who shall note the time of filing the same. (Scates' Comp. 353.)

This survey and report must precede the order of the commissioners establishing the road, and, as correctly argued by the plaintiff in error, an order establishing a road before a survey and report were had, would be illegal and void. The plaintiff in error, relying on the date of the order, establishing May 4th, 1859, as the true date, very properly contends that as the survey and report was not made until the fourth of June, 1859, the order being first in time, is null and void. If, however, the date of the order can be shown to be wrong, that it should be June 4, 1859, this objection falls to the ground.

We think the order bears intrinsic evidence that it was made June 4, and not May 4, 1859. And why? Because the second day of May, 1859, was fixed upon for hearing objections against the proposed road, and the survey, which is referred to in the order establishing the road, was not made until June 4, 1859. Now it is impossible, an order made May 4, could refer to a survey made one month thereafter, and that survey be made a part of the order. The order of the commissioners is based on the survey and report of June 4, for it precedes the order, and recites, It is therefore ordered and determined, that a road be established, etc., according to said survey and the plat, etc.

Afterwards, on the 6th of September, 1859, the commissioners of highways, as appears by the record, proceeded to assess the damages to the owners of the land on the route of the proposed road, and in their report, recite, "We, the commissioners of highways, in the town of Blackberry, in the

county of Kane, having, on the fourth day of June, 1859, upon due application, etc., laid out a road as follows," etc.

It does not, we think, admit of doubt, that May 4 was incorrectly entered as the date of the order establishing the road, and that it should have been entered June 4. The fact, that in the notice to remove fences, the order is referred to as of May 4, is wholly immaterial, since the mistake is so clearly shown.·

It is also objected, that this is not a road legally established, because the report or order of the commissioners declaring it to be a highway, and the petition for it, were not filed in the office of the town clerk, in proper time, as required by the statute. The plaintiff admits, that no specific time is required by the statute within which to file such papers, but that it must be done immediately, or in a reasonable time, and a failure in this respect ought to be held as an abandonment of the road, and of whatever rights might have been acquired by the proceeding.

It would be quite a stringent rule, that should deprive the public of a highway, merely because one of the county officers had been remiss in the performance of his duty. But we think the facts show, if the plaintiff is allowed to make this objection, that all the proceedings were on file in a reasonable time after they took place, but by some mistake of an incompetent and careless clerk, were not marked filed at the proper time. The file mark is Sept. 6, 1860.

The record shows, that the assessment of damages for the land taken for this road, was made Sept. 6, 1859, and soon thereafter the accounts of the claimants were audited, and orders issued for the payment of the damages to them, and delivered as early as December, 1859. The town clerk was one of the board of auditors, and it seems reasonable to suppose that all the papers in the case must have been before the board, as the clerk states he made a record of them, and they had not been out of his hands for a year and a half before he gave them up to Mr. Rockwell. Now, it is quite probable, the date Sept. 6, 1860, should be Sept. 6, 1859. This clerk seems to be rather careless in the discharge of his duties, for a notice

dated May 18, 1860, by the road commissioners, and served on the plaintiff in error, is marked filed by him April 18, one month before it issued.

But we do not think the plaintiff in error is in a position to take advantage of this delay, if there be any, in filing the papers, since the fact is, that the then owner of the land taken for the road, received, on the assessment of the damages, the sum of eighty-five dollars, being the amount allowed to him for the right of way. It is true, the party receiving the money had made a colorable deed of the land to his sons, but remained in a position to control it, and its proceeds, notwithstanding his deed. After he had received the damages, the sons conveyed the land to the plaintiff in error, with the incumbrance of this road upon it. He cannot be permitted to say now, that the proceedings were void, as his grantor has been paid in money for so much of the land as is occupied by the road.

When the damages were paid to the owners, this became a public highway, and they were paid early in 1860. From that time, parties obstructing it were liable to a prosecution, after being notified to remove the obstruction.

In this case, several notices to that end were given the defendant by the commissioners of highways—the first, on the 18th of May, 1860, and another on the 31st December, 1861, which were disregarded by him, he claiming that the road was never legally established. We have come to a different conclusion, and therefore affirm the judgment rendered against him by the Circuit Court.

*Judgment affirmed.*