# ANDREW ALLISON *et al.*

### *v.*

## COMMISSIONERS OF HIGHWAYS.

1. HIGHWAYS—*time of filing order of commissioners establishing a highway.* Under the township organization law, there is no time prescribed within which to file, in the town clerk's office, the order of commissioners of highways establishing a road; all that can be required is, that it should be filed within a reasonable time.

2. In this case, the petition for the road was posted on the eighth of May, and the order of the commissioners establishing the road was filed in the town clerk's office on the twenty-second of August, following. It was considered that the requirements of the law were fully answered by this action.

3. SAME—*jurisdiction of commissioners—necessity of adjourning from day to day.* The omission of commissioners of highways to adjourn from day to day, pending proceedings before them upon a petition for a public road, is not an irregularity which is jurisdictional in its character, and an appeal to the supervisors upon the merits would operate as a waiver thereof.

WRIT OF ERROR to the Circuit Court of McDonough county; the Hon. CHAUNCEY L. HIGBEE, Judge, presiding.

In this case, the question is presented, as to the regularity of the proceedings of certain commissioners of highways, in locating and establishing a public road. One of the objections is, that the order of the commissioners establishing the highway was not made and filed with the town clerk in proper time.

The record shows that the petition for the road was dated May 8, 1868, and posted on the same day, and was filed in the town clerk's office August 22, 1868, and on the latter day the order of the commissioners establishing the road was also filed in the town clerk's office.

In other respects, the opinion of the court contains a sufficient statement of the case.

Mr. D. G. TUNNICLIFF, for the plaintiffs in error.

Mr. C. F. WHEAT, for the defendants in error.

Mr. JUSTICE BREESE delivered the opinion of the Court:

On the petition of Andrew Allison and John Allison, a writ of *certiorari* was awarded by the circuit court of McDonough county, returnable to the September term, 1869, of that court, against the commissioners of highways and the town clerk of Scotland township, in that county, to bring before the circuit court the record of the proceedings of the defendants in laying out a certain highway in that township.

The record was duly certified to the circuit court at the September term, 1869, and thereupon the defendants in error entered a motion to quash the writ, for reasons specified in the motion. This motion was denied by the court, and the cause heard upon the record sent up, when, after advisement by the court, an order was entered dismissing the petition and writ of *certiorari* at the costs of the petitioners, with an award of execution therefor.

To reverse this judgment, the petitioners bring the record here by writ of error, and assign for error the refusal of the court to quash the order and proceedings of the commissioners in locating and establishing the highway in question.

The record contains no motion of plaintiffs in error to quash the order and proceedings of the commissioners in locating the highway in question, but we have considered the case as though such motion was made, as the merits of the controversy are involved in such motion, and equally so in the judgment of the court, as pronounced, for by that, the proceedings are declared valid and in conformity with the statute.

The objections made by plaintiffs in error to these proceedings are, first, that the order of the commissioners establishing the road was not made and filed with the town clerk within thirty days from the time of posting the petition for the road;

second, that it was not made within a reasonable time thereafter; third, that the commissioners lost jurisdiction of the case by failing to adjourn their proceedings from day to day, until finally completed; fourth, that the line of road established varies from the line petitioned for, and no notice was given to hear reasons for and against such change.

The first three objections resolve themselves into one, as they are of the same nature, and are disposed of by the case of *Town* v. *The Town of Blackberry*, 29 Ill. 137. In that case it was held, as no specific time is required by the statute within which to file the order of the commissioners, together with the petition, in the office of the town clerk, all that can be required is, that they should be filed in a reasonable time, a failure in which respect would be held as an abandonment of the proceeding. As we understand the act, the order would not be complete without a survey and plat of the route, and it would not, in many cases, be practicable to procure a competent survey within thirty days. So that no time is uselessly expended in this regard, and no unreasonable delay occurs in filing these papers, we think the requirements of the law were fully answered by the action which was had in this case.

It is not denied that the commissioners had jurisdiction of the subject matter, by the petition and notice. In the exercise of that jurisdiction, they rendered a judgment, from which the plaintiffs in error appealed to the supervisors, and although the commissioners might have been required to adjourn their meetings from time to time, yet, notwithstanding they failed to do so, by the appeal thus taken the supervisors became vested with jurisdiction to hear and decide. It became a new case in that forum, and the appeal, which was on the merits of the whole case, operated as a waiver of the irregularities complained of, as they were not jurisdictional.

We are pointed to no error in the proceedings of the supervisors. They having jurisdiction to hear and determine the case on appeal, their decision must be binding. The original order of the commissioners gave place to the order of the supervisors, and that must prevail.

As to the objection that 'the line of the road is variant from that described in the petition, it is not so in fact. The line was controlled by the sectional lines, and that, throughout the whole course of the road, is its centre line, varying only, and that very slightly, to overcome or avoid artificial or natural obstacles.

We see no force in any of the objections made, and must affirm the judgment of the circuit court.

*Judgment affirmed.*