62    391
36a    92
62    391
196    +322

CATHARINE WOOD

*v.*

COMMISSIONERS OF HIGHWAYS.

1. HIGHWAYS—*laying out.* In this case, notice of the petition to establish a road was posted October 21st. Thirty days thereafter (November 20th) the commissioners of highways met, in pursuance of notice, to hear reasons for and against the establishment of the road, and the prayer of the petition was granted and a survey ordered, which was entered of record. No final order was then made, and there was no adjournment entered to a future day. Nothing further was done by the commissioners until the 4th of December following, when the final order was made establishing the road, and on the 14th of December the damages were assessed: *Held,* on *certiorari,* that the final order was void, and that the proceedings should be quashed.

2. SAME. The statute evidently contemplates that the final order establishing a road should be made within the thirty days from the posting of the petition, unless for good cause there is an adjournment for a reasonable time, entered on the record, so that parties interested may be advised of any future meeting in relation to the road.

3. SAME—*notice of meeting.* The notice of the time and place of meeting of the commissioners to hear reasons for and against the proposed action, is in the nature of a condition precedent to any action on the part of the commissioners, and to the exercise of the power to appropriate the land of the citizen for the use of the road.

4. SAME—*adjournment.* If, at the meeting to hear reasons, of which notice had been given, the officers had entered an order for adjournment upon their records, for sufficient cause, and for a reasonable time, then they might be justified in making the final order after the expiration of the thirty days, as the land owners would then have some notice of the subsequent action.

5. This case distinguished from *Allison* v. *Commissioners of Highways*, 54 Ill. 170.

APPEAL from the Circuit Court of Sangamon County ; the Hon. JOHN A. McCLERNAND, Judge, presiding.

The petition for the highway was posted October 21st; November 20th following, the commissioners met and made the following order : " We, the commissioners of highways of Springfield, have this day agreed to grant the prayer of the within petition upon a certain route, of which we have agreed upon, and order a survey of the same as soon as practical. Witness our hands and seals this 20th day of November, A. D. 1869." (Signed by com'rs.)

Eight days' notice was given of this meeting.    The final order establishing the road, and the surveyor's report, were dated December 4, 1869.

Appellant moved the circuit court to quash the proceedings of the commissioners for various reasons.    The motion was overruled, and an appeal granted.

Messrs. STUART, EDWARDS & BROWN, for the appellant.

Mr. N. M. BROADWELL and Mr. WM. M. SPRINGER, for the appellees.

Mr. JUSTICE THORNTON delivered the opinion of the Court:

This was a proceeding by *certiorari*, to bring before the court

the orders of the commissioners, in the establishment of a road; and a motion was made to quash the proceedings.

The final order of the commissioners can not be sustained, and that only we propose to notice.

The notice of the presentation of the petition was posted on the 21st of October. Thirty days thereafter would have expired on the 20th day of November succeeding. On this last day the prayer of the petition was granted, and a survey ordered. From the transcript of the proceedings, nothing further was done by the commissioners until the 4th of December, when the final order was made, establishing the road, and on the 14th day of December the damages were assessed to the land owners.

The action of the commissioners on the 20th of November was entered of record, and was in pursuance of notice that they would meet on that day to hear reasons for and against the establishment of the road. No final order was then made, no damages assessed, and there was no adjournment to a future time.

·The statute evidently contemplates that the final order should be made within the thirty days from the posting of the petition, unless for good cause there is an adjournment for a reasonable time, which adjournment should be entered on the record, so that parties interested should be advised of any future meeting in relation to the road.

It is the duty of the commissioners so to act in the discharge of their duties as to secure to land owners, whose lands they are about to take, the benefit of the notice provided by the law, and that they may have all the remedies of the statute.

The only reference to time in the statute is, that the commissioners shall, within ten days after the expiration of twenty days from the posting of the petition, examine the route and hear any reasons which may be offered for or against laying out the road; and if they shall be of opinion that the road is necessary and proper, they shall grant the prayer of the petition as thereinafter provided. They are then directed to

cause notices of the time and place of meeting, to hear such reasons as may be offered, to be posted eight days previous to the meeting; and, upon determining to lay out the road, they shall cause a survey to be made, which shall be incorporated in the final order.

The notice of the meeting of the commissioners is only constructive notice to the land owner. It is, however, effectual, if the law is complied with, to enable the land to be taken for the use of the public. There is an object in the requirement of this notice. It is in the nature of a condition precedent to any action on the part of the commissioners, and to the exercise of the power to appropriate the land of the citizen for the use of the road. What is the object of the notice? It is to enable the land owner to be present at the meeting, and contest the attempt to take his property. If the determination is against him, he can take an appeal within thirty days from the filing of the order in the town clerk's office. He is bound to know the law, which requires the commissioners to act within a limited time.

If these officers can postpone the final order for fourteen days beyond the thirty days named in the law, they can make such postponement at their own pleasure, and defeat the purpose of the law in the requirement of notice.

When the reasons have been heard for and against the establishment of a road, the commissioners are prepared to act. The law, in declaring that, within ten days after the expiration of twenty days from the posting of the petition, the commissioners shall personally examine the route for the proposed new road, and shall hear any reasons for and against its establishment, manifestly intended that final action should be had within thirty days. Upon the opposite hypothesis there was no necessity for the requirement of notice; and it was folly to have limited the action of the commissioners in point of time. If, at the meeting to hear reasons, of which notice had been given, the officers had entered an order for adjournment upon their records, for sufficient cause and for a reasonable time, then they might be justified in making the final order after

the expiration of the thirty days.  The land owner would then have some notice of the subsequent action.

In this case he had no notice whatever of the proceedings on the 4th day of December, and they must be held to be void.

This case, in its facts, is unlike the case of *Allison* v. *Commissioners of Highways*, 54 Ill. 170.  In that case there had been an appeal from the orders of the commissioners to three supervisors, as provided by law; and the court held that it became a new case before the supervisors, and that the appeal, which was on the merits of the whole case, operated as a waiver of the irregularities of the commissioners.  The balance of the opinion must be regarded as *obiter dicta.*

In the case at bar the omissions and irregularities of the commissioners were not waived by any act of the land owner.

We are of opinion that the proceedings of the commissioners should have been quashed, and the judgment is accordingly reversed and the cause remanded.

*Judgment reversed.*