HENRIETTA BREESE

V.

THOMAS POOLE ET AL.

HIGHWAYS—FAILURE OF SUPERVISOR TO FILE FINAL ORDER.—Where, after the filing of the final order, establishing a road, by the highway commissioners with the town clerk, an appeal was taken to three supervisors of the county, and they met and signed and left with a justice of the peace what purported to be a final order establishing the road, and he filed the same in his office. *Held*, that the failure on the part of the supervisors within ten days to file a final order establishing the road, with the town clerk, as required by statute, operates as an abandonment of the proceeding.

APPEAL from the Circuit Court of La Salle county; the Hon. GEORGE W. STIPP, Judge, presiding. Opinion filed August 7, 1885.

Messrs. RICHOLSON & GENTLEMAN, for appellant; cited Allison v. Com'rs, 54 Ill. 172.

When an appeal has been taken from the order of the commissioners to three supervisors of the county, the record of the proceedings of the supervisors and their final order properly certified determine as to whether or not a legal highway exists: Frizell v. Rogers, 82 Ill. 109; Hankins v. Calloway, 88 Ill. 155; Commissioners v. Barry, 66 Ill. 499; McIntyre v. Storey, 80 Ill. 131; Owens et al. v. Crossett, 105 Ill. 354; Wood v. Commissioners, 62 Ill. 395; Commissioners v. Durham, 43 Ill. 90; Hyslop v. Finch, 99 Ill. 183; Commissioners v. Harper, 38 Ill. 103; Keech v. People, 22 Ill. 482; Corley v. Kennedy, 28 Ill. 149; Tower v. Pitstick, 55 Ill. 117.

Mr. M. T. MOLONEY, for appellee.

WELCH, J. This was a bill for an injunction filed by appellant against the appellees. A temporary writ of injunction was awarded. The bill states that appellant was the owner in fee of forty acres of land; that she resided upon it, and the same was her homestead; that the appellees, on the 2d day of August, 1882, served her with a written notice signed by them as highway commissioners of Serena township, La Salle county, requiring her to remove her fences on the west side of said land, so as to open, as claimed by them, a public highway across her land; that the same be done on or before the 2d day of October, 1882, and threatening that if it was not done by her they would enter her close and tear down and destroy her fences on said west side of her land, thereby exposing her grain and growing crops to destruction. The bill further states that there had been no order legally establishing any highway upon said land, and that the claim of appellees of the right to enter the close of appellant and to tear down and destroy her fences for the purpose of opening a public highway, was a mere pretense having no foundation in fact or in law. The appellees answered the bill admitting the threatened injury complained of and justifying their threatened invasion of appellant's private property, by alleging that they were commissioners of highways of the town of Serena, and that by the records of said town it would appear

that the *locus in quo* was a public highway, duly laid out and established according to law; which highway they were proceeding to open as they lawfully might do in the discharge of an official duty.

The cause was heard on bill, answer, replication and proofs, and the court found the issue for the appellees and dismissed the bill, continuing the injunction in force during the pendency of the appeal. The important question of issue between the parties to this cause is as to the existence of a public highway upon the *locus in quo.* On this issue the burden of proof was upon the appellees. McIntyre et al. v. Storey, 80 Ill. 129.

To the proceedings seeking to establish this as a public highway various exceptions were taken by appellant. We shall not undertake to pass upon them *seriatim.* There was one exception that we consider decisive. The record of the proceedings to establish the proposed highway discloses the fact that after the filing of the final order by the highway commissioners with the town clerk, an appeal was taken to three supervisors of the county; that the supervisors met on the 25th day of August, 1882, examined the route and heard reasons for and against the laying out of said road, and then separated; and that on the 13th day of September they met and signed and left with Thomas Ladkin, a justice of the peace, what purports to be a final order establishing the road and he filed the same in his office. No final order has been filed with the town clerk. Section 38 of the road law of 1879 provides that the final order, signed by the commissioners, shall, within ten days from the date of such order, be deposited and filed with the town clerk. In Town v. The Town of Blackberry, 29 Ill. 137, Allison v. Commissioners of Highways. 54 Ill. 170, and Commissioners, etc., v. Barry, 66 Ill. 499, it was held that the order should be filed within a reasonable time, and that a failure in this respect would be an abandonment of the proceeding. No specified time was required by the statute within which to file the order of the commissioners establishing the road, in the office of the town clerk, when the above decisions were rendered. Yet it was

held that the order must be filed within a reasonable time, and a failure to do so was an abandonment of the proceeding. The statute under which these proceedings were instituted limits the time to ten days from its date, within which the commissioners shall deposit and file with the town clerk their final order. A failure on their part to deposit and file with the town clerk their final order within ten days from its date, would be an abandonment of the proceeding. "By the appeal the supervisors became vested with jurisdiction to hear and decide. It became a new case." Allison v. Commissioners, 54 Ill. 170. When an appeal has been taken from an order of the highway commissioners, to three supervisors of the county, the record of the proceedings of the supervisors and their final order, properly certified, determines as to whether or not a legal highway exists. The supervisors, on an appeal, are clothed with the same powers and are charged with the same duties as the highway commissioners, in establishing a road, (sections 99 and 100, act of 1870); they are required, like the commissioners, within ten days after the date of their final order, to deposit and file it with the town clerk, and a failure on their part to do so would be the same as that of the highway commissioners—would be an abandonment of proceedings. In this case the supervisors failed to file their final order within ten days from its date with the town clerk; the filing of a copy was not a compliance with the statute. A. J. Alexander et al. v. Rubensam, 12 Bradwell, 121; Supervisors v. Magoon, 109 Ill. 142. No final order has ever been filed with the town clerk by the supervisors.

Appellees alleged the existence of a highway over the *locus in quo* as a justification of their threatened interference with the possession of appellant. In our view of this case appellees have wholly failed to show the existence of a highway, no valid order of the supervisors having been made establishing it. In our opinion the circuit court erred in finding the issues against appellant, and in dismissing her bill, and in not entering a decree awarding a perpetual injunction in conformity with the prayer of the bill. The decree is reversed and the cause remanded with directions that an order be made making the injunction perpetual.