THOMAS POOL *et al.*

*v.*

HENRIETTA BREESE.

*Filed at Ottawa November 14, 1885.*

1. TRIAL DE NOVO—*on appeal—effect as vacating judgment appealed from.* The effect of an appeal from an inferior to a superior tribunal, when the latter is required to try the question appealed from *de novo*, and render thereon such decision as in its opinion should be rendered under the law and the evidence, is to vacate and set aside the decision of the inferior tribunal. This applies to appeals from the orders of commissioners of highways on petition to lay out or vacate roads.

· 2. HIGHWAYS—*appeal from commissioners of highways to three supervisors—grounds of appeal—powers of the commissioners pending the appeal.* An appeal from the decision of commissioners of highways in respect to laying out, etc., of roads, may be taken on grounds affecting the jurisdiction of the commissioners and going to the validity of the entire proceedings, or it may be taken on grounds affecting the appellant, only. In the latter case the appeal will suspend only so much of the order of the commissioners as affects the party appealing.

3. Even the power to vacate proceedings to lay out a highway, conferred on the commissioners of highways by section 87 of the Road law, has been held to be suspended until the expiration of one year from the decision of the supervisors, on appeal,—that is, until the expiration of the time during which, by section 100, their decision in regard to laying out, altering, widening or vacating the road; or in refusing to do the same, is made final.

4. Where the grounds of appeal from an order laying out a highway go to the jurisdiction of the commissioners of highways, to the legality of their proceedings, and their failure to attempt to agree with the land owners in respect to damages, and to give notice of their application to have the damages assessed, and is also that the assessment of damages to the land owners is unjust, unfair and unlawful, its effect, though taken by only two land owners, is to vacate and set aside the entire order and decision of the commissioners as an entirety, and until the appeal is decided the commissioners have no authority of law to do any act to lay out or open any part of the road under their order.

5. During the pendency of an appeal from a decision of commissioners of highways laying out a road, to three supervisors, upon grounds affecting the validity of the order to lay out and open the road as an entirety, and until a final order is made and filed by the supervisors as required by the statute, neither the commissioners of highways nor those acting under them can law-

fully do any act to open any part of the road, even over the lands of land owners who did not join in the appeal, although the appellants may be estopped by their acts from afterward questioning the existence of the road as a legally laid out highway.

6. Same—*action of the supervisors on an appeal—of the proper filing of the order to establish a road.* The making of an order for the laying out and opening of a public road by the supervisors, on appeal, and filing the same with a justice of the peace of the town, is not a compliance with the statute requiring the supervisors to file their order in the office of the town clerk, and the filing of a copy of such order by the justice of the peace with the town clerk will not cure the omission. Such order affords no justification for an entry upon the lands of a party and opening the proposed road. Compliance with the statute in proceedings to lay out roads, and in respect to the making and filing of the order authorizing the laying out and opening of the same, is mandatory.

7. Same—*estoppel to deny the legal existence of highway—by joining in appeal, etc.* Where a party, after appealing from an order of the commissioners of highways for the laying out of a public road upon grounds going to the validity of the entire proceeding, and before the appeal was decided, agreed with the commissioners as to his damages for the right of way over his premises, and accepted the same, it was *held*, that this estopped him from denying the existence of the highway, no matter whether it was a lawful existence or not, but could not have that effect upon other persons over whose land the alleged road ran, and who did not join in the appeal.

8. Same—*necessity of having authority to enter upon premises to open a highway—burden of proof.* Neither the commissioners of highways, nor others representing the public, have the right to enter the premises of another to lay out and open a highway, unless they can show a valid order of the commissioners conferring that authority, or a like order of the supervisors in case of an appeal to them. The burden is upon them to show, affirmatively, the existence of such order. Without it their acts are a nullity, and they become trespassers as to all persons not estopped by some act from denying the legal existence of such highway.

Appeal from the Appellate Court for the Second District; —heard in that court on appeal from the Circuit Court of La Salle county; the Hon. George W. Stipp, Judge, presiding.

This was a bill, filed by the appellee, to enjoin the appellants from opening what was claimed a newly laid out highway, they being commissioners of highways. A temporary injunction was granted, but on final hearing it was dissolved

and the bill dismissed. Upon the appeal of the complainant in the bill, the decree of the circuit court was reversed, and the cause remanded, with directions to enter a decree making the injunction perpetual. From this judgment the defendants in the bill prosecute this appeal.

Mr. M. T. MOLONEY, for the appellants:

From sections 98, 99 and 101 of the Road law of 1879, an appeal is allowed for the benefit of the party who prosecutes it. The parties taking it could, at any time, abandon or waive it, and thus have the order appealed from in full force. Section 88 of the same act requires the commissioners to file their final order in the town clerk's office within ten days after its date, and this may be conceded as mandatory. By section 99 the supervisors, on appeal, are given the same powers and authority as are conferred on the commissioners, and section 101 requires the supervisors to make a report of their proceedings and decisions in like manner as required by the commissioners. It does not say "within the same time," and if it so means it may be treated as directory. *Wheeler* v. *Chicago,* 24 Ill. 107; *Pond* v. *Negus,* 3 Mass. 000; *Cott* v. *Eves,* 12 Conn. 243; *Whalin* v. *Macomb,* 76 Ill. 52; *Town* v. *Town of Blackberry,* 29 id. 140; *Allison* v. *Commissioners,* 54 id. 170.

It is objected that the original order of the supervisors has never yet been filed, but only a certified copy thereof. In a collateral proceeding like this, mere errors not affecting the jurisdiction of the supervisors can not be availed of to defeat their order. *Henline* v. *People,* 81 Ill. 269; *Hankins* v. *Galloway,* 88 id. 156.

The filing with the town clerk of a certified copy of the order of the supervisors, in equity, is such a substantial compliance with the law as will sustain the proceedings of the supervisors. The failure to file the final order of the supervisors can not work a discontinuance. At most it leaves the

appeal still pending, and the fact that the appellants accepted their damages, operates as an abandonment of the appeal, leaving the order of the commissioners in full force.

Messrs. Richolson & Gentleman, for the appellee:

The burden of proof to justify the threatened invasion of appellee's rights, rests upon appellants to show, from the record, the *locus in quo* is a highway. *Green* v. *Green*, 34 Ill. 236; *Wragg* v. *Penn Township*, 94 id. 25; *McIntyre* v. *Storey*, 80 id. 129.

By the appeal the supervisors acquired jurisdiction, and became invested with all the powers of the commissioners. *Allison* v. *Commissioners*, 54 Ill. 172; *Wood* v. *Commissioners*, 62 id. 395.

Where the property of one is to be divested by proceedings against his will, a strict compliance must be had with all the provisions of law. *Supervisors* v. *Magoon*, 109 Ill. 150.

All questions as to the legality of proceedings to take private property will be considered in cases where the issues are the same as in this case. *Commissioners* v. *Supervisors*, 53 Ill. 320; *Anderson* v. *Wood*, 80 id. 15; *McPherson* v. *Holdridge*, 24 id. 38; *Hankins* v. *Galloway*, 88 id. 156.

The existence of a highway can be shown only by the record. When an appeal has been taken from the order of the commissioners to three supervisors of the county, the record of the proceedings of the supervisors, and their final order, properly certified, determine as to whether or not a legal highway exists. *Frizell* v. *Rogers*, 82 Ill. 109; *Hankins* v. *Galloway*, 88 id. 105; *Commissioners* v. *Barry*, 66 id. 499; *McIntyre* v. *Storey*, 80 id. 131; *Owens* v. *Crossett*, 105 id. 354; *Wood* v. *Commissioners*, 62 id. 395; *Commissioners* v. *Durham*, 43 id. 90; *Hyslop* v. *Finch*, 98 id. 183; *Commissioners* v. *Harper*, 38 id. 103; *Keech* v. *People*, 22 id. 482; *Corley* v. *Kennedy*, 38 id. 109; *Tower* v. *Pitstick*, 55 id. 117.

Mr. Justice Scholfield delivered the opinion of the Court:

The questions in this case arise under the provisions of the Road and Bridge act, in force July 1, 1879. (Laws of 1879, p. 258, *et seq.*) By section 98 of that act, "any person interested in the decision of the commissioners of highways in determining to or in refusing to lay out, alter, widen or vacate any road, * * * or in the verdict of any jury," in "assessing damages in opening, altering * * * any road, may appeal from such decision to three supervisors of the county." Notice is required to be given within ten days, and a written petition must be presented to a justice of the peace, asking for the appeal, and stating on what grounds it is taken. The 99th section provides, that "upon such appeal the said supervisors shall have the same power and authority that is by this act conferred on the commissioners of highways, not only in regard to the laying out, altering, widening or vacating any road, but * * * to cause a jury to be called to assess damages." And by section 100 it is declared that the decision of such supervisors shall be final in regard to laying out, altering, widening or vacating such road, or in refusing to do the same, for one year after such decision.

Dominy and Lewis, who have appealed, stated in their petition praying an appeal, as the grounds upon which it was taken, the following: "First, the commissioners did not proceed according to law, nor take any of the steps required by the statute in such cases, to lay out said road, or give the proper notice, and therefore did not acquire jurisdiction of all the persons damaged by the laying out of such road, or the persons whose lands would be taken, nor did they acquire jurisdiction of the subject matter of said proceedings, and therefore had no authority to lay out said proposed road; second, said commissioners did not, twenty days after their first meeting to hear reasons for and against laying out said road, publicly announce and indorse on the petition a memo-

randum of such decision; third, said commissioners did not, before proceeding to ascertain and assess damages, cause a survey and plat of such of the road to be made, giving the courses and distances, and specifying the lands over which it should be laid out, but assessed the damages without such survey; fourth, after the damages were assessed they made a survey and drove stakes, whereby the original half-section line established by the government survey was changed twelve feet, wherefore damages were assessed to the owners by the government survey, and not with reference to the line fixed upon the ground by the new survey; fifth, the commissioners did not make any effort to agree with the land owners in regard to damages, nor did they cause the land owners to be notified that they would apply to some justice, giving the time and place when and where, to have a jury impaneled to assess damages; sixth, the assessment of the damages to the land owners was unjust, unfair and unlawful; seventh, the proposed road is unnecessary, and the public do not require it, and is an unreasonable burden upon the tax-payers of the township."

The effect of an appeal from an inferior to a superior tribunal, where, as here, the superior tribunal is required to try the questions appealed *de novo,* and render thereon such decision as in its opinion should be rendered under the law and the evidence, is to vacate and set aside the decision of the inferior tribunal.  (See Freeman on Judgments, sec. 328, and cases cited in note.)   In effect this rule has been applied by this court to proceedings like the present.   (*Allison et al.* v. *Com'rs of Highways,* 54 Ill. 170 ; and see, also, *McPherson et al.* v. *Holdridge,* 24 id. 38.)   Even the power to vacate the proceeding, conferred upon the commissioners of highways by the 87th section of the act, has been held to be suspended until the expiration of one year from the making of the order by the supervisors,—that is, until the expiration of the time during which, by the 100th section, their decision in regard

to laying out, altering, widening or vacating the road, or in refusing to do the same, is made final.

It will be observed that the appeal may be taken on grounds affecting the jurisdiction of the commissioners and going to the validity of the entire proceedings, or it may be taken on grounds affecting the appellant only; and in the latter case the appeal will obviously suspend only so much of the order of the commissioners of highways as affects the appellant. In the present case, the first, second, third, fourth, fifth and sixth grounds of appeal plainly present questions affecting the jurisdiction of the commissioners to take and condemn every part of the right of way, as against each and all of the respective land owners; and the seventh presents a question in which every tax-payer in the township has a like interest. If either the first, second, third or seventh grounds of appeal had been sustained, (waiving all questions that might arise upon sustaining either or all of the others,) the supervisors must have refused the prayer of the petition; and such refusal is, as has been seen, by the express terms of the statute, made to be binding and conclusive upon the commissioners, so that they can not thereafter proceed to lay out and open the road under their former order. Whether this result should be produced by the appeal of one or all of the land owners could not be material, for the scope and effect of the order is not, in the least, made to depend upon that question.

Conceding, then, this to be so, and that, as we have before herein said, the appeal vacates the order appealed from, it would seem it must follow, upon like principle, that where there is an appeal, like the present, upon grounds affecting the validity of the order to lay out and open the road as an entirety, while it is pending, and until a final order is made and filed by the supervisors as required by the statute, neither the commissioners of highways nor others can lawfully do any act to lay out or open the highway under or by virtue of the order of the commissioners from which the appeal is

taken. It is doubtless true that Mrs. Breese, not being a party to this appeal, is not bound by it,—that is to say, that she can not be held to have waived or to be estopped by it in respect of rights as to which an appellant would be held to be affected by waiver or estoppel. But we have seen that the commissioners are bound by it. They, nor others representing the public, have power to enter upon the land of Mrs. Breese to lay out and open a highway, unless they can show a valid order of the commissioners of highways conferring that authority, or a like order of three supervisors, in case of appeal from the order of the commissioners. The burden is upon them to show, affirmatively, the existence of the order. *Without it* their acts are a nullity, and they are trespassers. The question is not what rights she derives from the appeal, but, how does the appeal affect the order under which the commissioners attempt to justify.

Assuming that we are thus far correct, the further question arises and is discussed in the arguments before us, whether Mrs. Breese is not concluded, as to the record under which the commissioners seek to justify, by an estoppel. The estoppel is claimed to arise thus: Dominy and Lewis alone appealed from the order of the commissioners of highways. Their appeal was taken on the 11th of August, 1882, and the only action that it is pretended was ever taken thereon by the supervisors to whom the appeal was taken, was on the 25th of the same month. On the 2d of July, 1883, ten months and seven days after this pretended action of the supervisors, the commissioners of highways paid Dominy and Lewis, each, a sum of money, which each accepted in satisfaction of the damages sustained and to be sustained by him in consequence of the laying out and opening of this highway. This could not affect the appeal, nor any action thereunder, of the supervisors, for the obvious reason that it was long subsequent. Whatever effect the appeal or the order of the supervisors thereon could produce, had been produced before that time.

If the appeal, vacated the order of the commissioners, it had been vacated, and the supervisors had either made an order *de novo,* or had neglected to do so, and the rights of the commissioners and others, with reference to such action or non-action, had become fixed before that time. The estoppel was personal to Dominy and Lewis, and to their privies, only. By accepting the money they are precluded from denying that it was lawfully paid to them. They admit, by that act, the existence of the highway, whether it be true or not that it lawfully existed before. But as to others than them or their privies, whose mouths are not thus closed, the commissioners must show affirmatively a record justifying their acts,—and this estoppel is not a record. Filing the order of the supervisors with the justice of the peace was not a compliance with the statute, and the act of the justice of the peace in filing the copy with the town clerk was entirely extra-judicial. With the wisdom of the policy adopted by the statute in this respect, we have nothing to do. Compliance with the law in proceedings of this kind, and in respect of the making and filing of the order authorizing the opening and laying out of the highway, is mandatory. *Hyslop et al.* v. *Finch,* 99 Ill. 183, and authorities there cited.

Inasmuch as no order authorizing the opening of the highway has ever been filed by the supervisors in the office of the town clerk, the commissioners of highways fail to show authority to open the highway across the land of Mrs. Breese; and it would moreover seem, on the authority of *Commissioners* v. *Barry,* 66 Ill. 496, that jurisdiction to hereafter make such order is lost.

We perceive no cause to disagree with the Appellate Court in the conclusion which it reached, and we concur in the views expressed in the opinion filed in that court. Its judgment must therefore be affirmed.

*Judgment affirmed.*