# BENJAMIN F. TRAINER ET AL.

## v.

# WILLIAM LAWRENCE.

*Highways—Eminent Domain—Proceedings of Commissioners—Certiorari.*

1. *Certiorari* is the proper remedy to review the proceedings of the commissioners of highways in establishing a road.

2. Before damages can be assessed for land taken for a public highway, the survey of the proposed road must be filed as required by Sec. 36, Chap. 121, R. S.

3. The certificate of the commissioners required by Sec. 41, Chap. 121, R. S., to be presented to a justice of the peace within ten days from the granting of a petition to establish a public highway, must be so presented or the commissioners can not proceed.

[Opinion filed June 13, 1890.]

IN ERROR to the Circuit Court of Jasper County; the Hon. WILLIAM C. JONES, Judge, presiding.

Messrs. GIBSON & JOHNSON, for plaintiffs in error.

Messrs. FITHIAN & JACK, for defendant in error.

GREEN, J.    The petition for *certiorari* in this case alleged that the proceedings of plaintiffs in error, commissioners of highways of the townships of Fox and Smallwood, establishing a public road on the line between said towns, are illegal and void because the commissioners did not, within ten days from the date of the meeting at which they decided to grant the prayer of the petition for said road, file the certificate and ask for a jury to assess the damages, as required by Sec. 41, Chap. 121, Rev. Stat., and because the survey of the proposed road, as required by Sec. 36, same act, was not made until after the damages had been assessed by the jury. By the record of the said proceedings of the commissioners, in

the return to the writ, it appears they met and decided to grant the prayer of the petition for the road on July 21, 1888, but did not present the certificate required by Sec. 41 to the justice of the peace, until August 17, 1888. It further appears by the same record that the jury which assessed the damages returned their verdict on September 19, 1888, assessing the damages to defendant in error as owner of the land upon which the road was to be established, at $156, and not until September 25, 1888, did said commissioners cause a survey and plat of the road to be made as required by said Sec. 36. But counsel for plaintiffs in error, conceding that the commissioners did not obey the requirements of Sec. 36 and 41 in the respects above mentioned, contend that such omission of duty did not render their proceedings and order establishing said road illegal and void, because said sections are directory merely and not mandatory. And further contend that if defendant in error felt aggrieved. his proper remedy was an appeal to three supervisors, as provided in Sec. 59, Chap. 121.

We are of the opinion defendant in error invoked the aid of the best and most proper remedy to prevent the threatened wrong. He alleges his private property is about to be taken for public use by virtue of certain proceedings which are illegal and void. By the aid of the common law writ of *certiorari*, the record of those proceedings is brought before the court and is inspected; if, upon such inspection, the court finds the proceedings to be illegal and void, the same are quashed as prayed for, and thus by a summary, effectual and inexpensive proceeding, the petitioner is protected in the enjoyment of his legal rights, and the threatened injury is prevented,

Nor can we adopt the views expressed by counsel for plaintiffs in error, touching the character and construction to be given said sections 36 and 41. We hold the making of the survey and plat of the road, as required by Sec. 36, to be a preliminary act necessary to be performed before the damages to the land owner can be lawfully assessed and fixed by a jury, and it is the purpose of the law that the jury should have the survey and plat of the road, and thus be furnished with neces-

· sary and accurate information of its exact location, so that
when they go upon and examine the land to be taken for the
road, they can intelligently and fairly determine and assess
the damages. We are supported in this bidding by the
Supreme Court in Pool et al. v. Breese, 114 Ill. 594. In
that case, among other acts complained of, and held to be
illegal, was that " said commissioners did not, before proceed-
ing to ascertain and assess damages, cause a survey and plat
of said road to be made, giving the courses and distances,
and specifying the land over which it should be laid out, but
assessed the damages without such survey."

We are also of the opinion that, as a necessary precedent
to the taking of the land of defendant in error for public use,
by establishing a public road upon it, the commissioners
*within ten days* from July 21, 1888, should have presented to
the justice of the peace the certificate as required by Sec. 41,
and failing to do so within the time prescribed, they lost their
jurisdiction and could not legally proceed further in the mat-
ter of establishing the road in question. As the court say in
Hyslop et al. v. Finch, 99 Ill. 171, " Whenever, in pursuance
of law, the property of an individual is to be disturbed by
proceedings against his will, there must be a strict compli-
ance with all the provisions of the law which are made for
his protection. These provisions must be regarded as in the
nature of conditions precedent, which must not only be com-
plied with before the right of the property owner is dis-
turbed, but the party claiming authority under the adverse
proceeding must affirmatively show such compliance. See, ·
also, Comm'rs of Highways v. Harper, 38 Ill. 103; Wood v.
Comm'rs of Highways, 62 Ill. 391; Pool et al. v. Breese,
*supra.* It follows, then, from what is above said by us, that
in our judgment the record of the proceedings of said
plaintiffs in error should be quashed; but inasmuch as the
court below quashed the same in part only, we reverse its
order and judgment and remand the cause with directions
to the Circuit Court to quash the entire proceedings of said
commissioners of highways, plaintiffs in error.

· *Reversed and remanded with directions.*