## GEORGE HAMMON

### v.

### COMMISSIONERS OF HIGHWAYS.

38  237
52  503

*Certiorari—Laying Out Road—Commissioners' Notice of Meeting.*

In a notice of meeting by commissioners to examine the route and hear reasons for and against the laying out of a public and private road, the designation of the place for such meeting, as "at the sight of the proposed road in said town," is too indefinite and renders the proceedings void.

[Opinion filed September 20, 1890.]

APPEAL from the Circuit Court of Fulton County; the Hon. J. C. BAGBY, Judge, presiding.

Messrs. GRAY & WAGGONER, for appellant.

Messrs. CHARLES F. ROBISON and JOHN W. BANTZ, for appellees.

PLEASANTS, J.    Appellant petitioned for and obtained a *certiorari* to review the record of the proceedings of appellees, taken to lay out a road for public and private use, on his land, for a distance of half a mile, and their action was by the court below " affirmed."

There is but one point urged for a reversal that we consider it necessary to notice, which is that the place appointed by the commissioners for their meeting, to examine the route and hear reasons for or against laying out the road petitioned for, was designated in their notice of such meeting, as "at the sight of the proposed road in said town." We think this was too indefinite—no particular place, but any place along a line of half a mile. Commissioners of Highways v. Hoblit, 19 Ill. App. 261. Whether that line was through an open and level prairie, or a hilly and wooded tract, we do not know; but if this notice should be held sufficient in one case, consistency would require it to be so held in the other, for its sufficiency or insufficiency must be ascertained from its terms and not from proof *aliunde;* nor do we see, if such proof were admissible, what length of line could be fixed as a limit within which such a designation of the place would be sufficient.

The final order recites that they fixed "the house of John Quinn in said town" as the place of such meeting, and gave due notice thereof, and met "at the time and place" appointed, but the record contradicts that recital. It appears that John Quinn was the petitioner for the road, and it may be that his house was on the site of it as proposed, and that the commissioners intended his house as the place of meeting; but it was not so designated in the notice.

As this was jurisdictional, the order laying out the road was void, and the judgment of the Circuit Court will be reversed and the cause remanded.

*Judgment reversed and cause remanded.*