### George Schuchman et al. v. Commissioners of Highways et al.

1.  CERTIORARI—*Motion to Quash.*—A general motion to quash a writ of *certiorari* is in the nature of a general demurrer, and upon such motion no question of imperfection in the form of the petition arises.

2. CERTIORARI—*Sufficiency of Petition.*—A petition for a *certiorari* to review proceedings for the opening of a public highway. which alleges that the highway in question is on the line between the town of Bald Hill, in Jefferson county, and district 41, in Perry county; that the petition praying for its establishment was not presented to or acted upon by the joint board of the highway commissioners of the districts; that the joint board did not cause notices to be posted in each of the districts for ten days prior to the proposed meeting, to hear reasons for and against the laying out of the road; that the joint board did not have the proposed road surveyed or platted; that the highway commissioners of the town of Bald Hill pretended to act on the petition, and caused notices to be posted in said town, and the highway commissioners of district 41 pretended to meet and act with the highway commissioners of the said town, but that no copy of the petition was ever posted in Perry county; no notice of the meeting, to hear reasons for or against the laying out of the road, was ever posted in district 41; that the prayer of the petition for the laying out of the road was granted; that the damages of M. S. were assessed by a jury; that she took an appeal from the verdict to three supervisors of Jefferson county; that the supervisors, though summoned. did not act; that two supervisors of Jefferson county and a road supervisor of district 41 were then summoned to hear the appeal; that they refused to take jurisdiction, and pretended to dismiss the "cause" (evidently meaning the appeal); and that the commissioners of the town of Bald Hill are about to open the road, insisting that the same has been lawfully laid out; that the petitioners for the writ of *certiorari*, one of whom was a minor, were owners of lands taken for the road in question, and that their damages were not agreed upon, assessed or paid, and that no steps were taken to secure the relinquishment of the said minor's damages, is sufficient to require a return to the writ.

3. HIGHWAYS—*Opening on a Town or County Line.*—Where a public highway is to be laid out on a town or county line in counties under township organization, the petition must be presented to the commissioners of each town, and thereupon it becomes the duty of the commissioner of the two towns to meet and act as one body, in the same time and manner as in other cases, in considering the petition, viewing the premises, and making all orders in reference to such proposed road. A majority of all such commissioners must concur in all such orders. Such is also the law in counties not under township organization, with the additional requirement that a copy of the petition shall be posted in each district interested.

4. HIGHWAYS—*Posting Petition—Jurisdiction.*—Where, in opening a highway on a county line, the petition and notice required by law are not posted in one of the counties, no jurisdiction is acquired and all subsequent proceedings are void.

5. HIGHWAYS—*Proceedings to Establish, etc., Without Jurisdiction.*—Where the commissioners by reason of irregularities in their proceedings acquire no jurisdiction of the subject-matter, the fact that the par-

Schuchman v. Commissioners of Highways.

ties interested had the right to appeal, and did not exercise that power, will not prevent them from having their remedy by a writ of *certiorari*.

6.  HIGHWAYS—*Posting Notices in Proceedings to Lay Out.*—In proceedings to lay out a highway, the posting of notices of the time and place when and where the commissioners will meet to hear reasons for and against the laying out of the road, relates to the jurisdiction of the subject-matter and of the person. The failure to post the notices can not be cured in any manner whatever.

7.  HIGHWAYS—*Commissioners Must Have Jurisdiction of the Subject-Matter.*—In proceedings to lay out a public highway, where the notices of the time and place of the meeting have not been posted as required by law, the commissioners have no power to proceed under any circumstances, even if every inhabitant of the town or district were present to act with reference to the subject-matter.

8.  HIGHWAYS—*Appeal from Assessment of Damages.*—Where an appeal is taken from the verdict of the jury in assessing damages, such an appeal will suspend only so much of the order of the commissioners as affects the party appealing. It will not suspend the order of the commissioners laying out the road.

**Memorandum.**—*Certiorari* to review proceedings to lay out a highway. Error to the Circuit Court of Jefferson County; the Hon. EDMUND D. YOUNGBLOOD, Judge, presiding. Heard in this court at the August term, 1893. Reversed and remanded. Opinion filed March 23, 1894.

The statement of facts is contained in the opinion of the court.

BRIEF OF PLAINTIFF IN ERROR, G. B. LEONARD, ATTORNEY.

The common law writ of *certiorari* may be awarded to all inferior tribunals and jurisdictions when it appears they have exceeded their jurisdiction, or in cases where they have proceeded illegally. Gerdes v. Champion, 108 Ill. 137; People ex rel. Loomis v. Wilkinson, 13 Ill. 660; Commissioners v. Harper, 38 Ill. 107.

These boards of commissioners at every step proceeded without jurisdiction or lawful right in attempting to lay out that road upon appellant's lands; the appeal of Mary C. Schuchman nullified any order made by the commissioners, and there being no order laying out this road by the three supervisors, filed by them with the town clerk, the road had not been legally laid out. Pool v. Breese, 114 Ill. 594; Hyslop v. Finch, 99 Ill. 183; Deitrick v. Highway Commrs., 6 Brad. 70.

Failing to assess the damages or make compensation to the land owner in laying out a road, is not a mere irregularity, but renders the order for the road void. Cooley, Cons. Limitations; Marsh v. Chestnut, 14 Ill. 225; Smith v. C. A. & St. L. R. R. Co., 67 Ill. 191; Mitchell v. I. & St. L. R. R., 68 Ill. 286; Chicago & A. R. R. v. Smith, 78 Ill. 96.

BRIEF OF DEFENDANT IN ERROR, ALBERT WATSON, ATTORNEY.

We quote the first paragraph of plaintiffs in error's brief, adding the essential statement found in each of the authorities.

" The common law writ of *certiorari* may be awarded to all inferior tribunals and jurisdictions when it appears they have exceeded their jurisdiction, or in cases where they have proceeded illegally, and there is no appeal." Gerder v. Champion, 108 Ill. 137; Doolittle v. Galena & C. R. R. Co., 14 Ill. 381; People ex rel. Loomis v. Wilkinson, 13 Ill. 660; Commissioners v. Harper, 38 Ill. 107.

The converse of the proposition is, where an appeal lies the writ of *certiorari* at common law will not be awarded.

MR. JUSTICE SCOFIELD DELIVERED THE OPINION OF THE COURT.

Plaintiffs in error presented a petition to the Circuit Court of Jefferson County, praying for a common law writ of *certiorari* to be directed to defendants in error, commanding them to certify to the said Circuit Court, the proceedings in relation to the laying out of a certain public highway on the line between the counties of Perry and Jefferson. Defendants in error made no return, but appeared and made a motion to quash the writ, which motion was regarded and acted upon as a demurrer to the petition.

The motion was sustained and the petition was dismissed. Plaintiffs in error ask a reversal of this judgment. The motion to quash is general and amounts to no more than a general demurrer. Therefore, no question of imperfection in the form of the petition arises on this record. If the petition is sufficient in substance to require a return to the

Schuchman v. Commissioners of Highways.

writ by the respondents, the court erred in quashing the writ and dismissing the petition.

The petition alleges that the public highway in question was on the line between the town of Bald Hill in Jefferson county and district 41 in Perry county; that the petition praying for the establishment of the road was not presented to or acted upon by the joint board of the highway commissioners of the districts; that the joint board did not cause notices to be posted in each of the districts for ten days prior to the proposed meeting, to hear reasons for and against the laying out of said road; that the joint board did not have the proposed road surveyed or platted; that the highway commissioners of the town of Bald Hill pretended to act on the petition and to cause notices to be posted in the said town, and the highway commissioners of district 41 pretended to meet and act with the highway commissioners of the said town, but that no copy of the petition was ever posted in Perry county; no notice of the meeting to hear reasons for or against the laying out of said road was ever posted in district 41; that the prayer of the petition for the laying out of the road was granted; that the damages of Mary C. Schuchman were assessed by a jury; that she took an appeal from the verdict to three supervisors of Jefferson county; that the supervisors, though summoned, did not act; that two supervisors of Jefferson county and a road supervisor of district 41 were then summoned to hear the appeal; that they refused to take jurisdiction and pretended to dismiss the "cause" (evidently meaning the appeal); and that the commissioners of the town of Bald Hill are about to open the road, insisting that the same has been lawfully laid out.

It is also alleged that the petitioners for the writ of *certiorari*, one of whom was a minor, were the owners of land taken for the road in question, and that their damages were not agreed upon, assessed or paid, and that no steps were taken to secure the relinquishment of the said minor's damages.

Jefferson county is under township organization, while Perry county is not. As to the questions involved here, however, the road law as to the two classes of coun-

ties is substantially the same. Where a public highway is to be laid out on a town or county line in counties under township organization, the petition must be presented to the commissioners of each town, and thereupon it becomes the duty of the commissioners of the two towns to meet and act as one body, in the same time and manner as in other cases, in considering the petition, viewing the premises and making all orders in reference to such proposed road. It is further provided that a majority of all such commissioners must concur in all such orders. Such is also the law in counties not under township organization, with the additional requirement that a copy of the petition shall be posted in each district interested. In each class of counties ten days' notice of the time and place fixed upon for hearing reasons for and against the laying out of the road must be given by posting notices thereof in three of the most public places in the town or district in the vicinity of the proposed road. No petition was posted in Perry county; no notice was posted in district 41. Therefore no jurisdiction was acquired and all subsequent proceedings were void. Frizell et al. v. Rogers, 82 Ill. 109; Commissioners of Highways, etc., v. Hoblit, 19 Brad. 259. This proposition is not denied by the defendants in error; but it is urged that the parties interested had the right to appeal and did not exercise that power, the attempted appeal being " void *ab initio*," and that for this reason they are not in a position to have the record reviewed on *certiorari*. Is this the law in a case where the commissioners acquired no jurisdiction of the subject-matter?

In Commissioners of Highways v. Harper, 38 Ill. 103, the Supreme Court affirmed the judgment of the Circuit Court, quashing the proceedings of the commissioners of highways in laying out a road, and held *certiorari*, and not an appeal to three supervisors, to be the proper remedy where the commissioners had no jurisdiction of the subject-matter. But it is said that this decision was made on the ground that the supervisors on appeal could not consider questions going to the jurisdiction of the commissioners over the sub-

ject-matter; that under the authority of Pool et al. v. Breese, 114 Ill. 594, an appeal may now be taken to the supervisors on the question of jurisdiction; and that the reasons for the decision in the Harper case having fallen, the decision itself has ceased to be authority. In our opinion the Supreme Court have not intended to hold that an appeal to three supervisors is the only remedy where the commissioners have attempted to lay out a road without jurisdiction of the subject-matter. In passing upon this very question in Frizell et al. v. Rogers, *supra*, the Supreme Court say:

" It can not be said appellee ought to have appealed, because the commissioners, having acted without jurisdiction, there was nothing to appeal from. An appeal pre-supposes, and, indeed, is a recognition of jurisdiction." To the same effect are the following decisions of the Appellate Courts: Commissioners of Highways, etc., v. Hoblit, *supra;* Trainer et al. v. Lawrence, 36 Ill. App. 90; and Hammon v. Commissioners of Highways, 38 Ill. App. 237.

If it should be contended that the posting of notices relates to jurisdiction of the person and not of the subject-matter, it is sufficient to say that the decisions of the Supreme Court affirm the contrary, and that the failure to post the notices can not be cured in any manner whatever, while failure to acquire jurisdiction of the person may be cured by the appearance of the person. The commissioners have no power, under any circumstances, even if every inhabitant of the town or district were present, to act with reference to the subject-matter, unless the notices of the time and place of the meeting have been posted as required by law. Nor would the fact that Mary C. Schuchman attempted to take an appeal affect the decision in any manner. Her appeal was from the verdict of the jury in assessing her damages. Such an appeal would suspend only so much of the order of the commissioners as affected the party appealing. Pool et al. v. Breese, *supra.* It did not suspend the order of the commissioners laying out the road, even if the same was a valid order. It could not affect the petitioners here, who are

George Schuchman and the infant, Julia Schuchman, even though the latter appears by George Schuchman and Mary C. Schuchman as her next friends. We hold that the court erred in quashing the writ and dismissing the petition. The judgment is reversed and the cause is remanded for proceedings in conformity with this opinion.