# Commissioners of Highways v. The People, etc., ex rel. William Watts.

1. HIGHWAYS—*Opening on Township Lines.*—Where a road on a town line between two towns is laid out by the joint act of the commissioners of both towns, or of the supervisors, on appeal, the opening of the road is not completed until the filing of the final order in the office of the clerk of each township.

Commissioners of Highways v. The People.

2. SAME—*When the Opening can be Compelled by Mandamus.*— Before a public road on a town line is legally laid out so as to make it the duty of the commissioners to open it, and before they can be compelled to do so by mandamus or otherwise, a copy of the final order must be filed with the town clerk of each town.

3. SAME—*Time in Which the Final Order is to be Filed.*—Where the road to be laid out is wholly within one town, the statute requires the final order to be filed with the town clerk within five days from its execution; but where the road is upon a town line between two towns, the final order must be filed with clerks of both townships, within a reasonable time, as a condition precedent to its being legally laid out.

4. SAME—*What is Not a Reasonable Time for Filing the Final Order.* —It was not the evident intention of the legislature to allow the laying out of a highway upon a town line to be suspended indefinitely after proceedings are commenced. A delay of nearly three years in filing the copy of the final order is fatal to the legality of the road.

5. SAME—*Vacancy in the Office of Town Clerk, No Excuse.*—The fact that there was no clerk in one of the towns is no excuse for a long delay in filing the final order opening the highway, as the people have ample power to fill such vacancies.

**Mandamus.**—Appeal from the Circuit Court of Ogle County; the Hon. J. D. CRABTREE, Judge, presiding. Heard in this court at the May term, 1895. Reversed and remanded. Opinion filed December 10, 1895.

BAXTER & GARDNER, attorneys for appellants.

J. C. SEYSTER, attorney for appellee.

MR. JUSTICE LACEY DELIVERED THE OPINION OF THE COURT. This was a petition for a temporary writ of mandamus, at the relation of William Watts, asking that appellants be compelled to pay certain damages assessed for opening a highway, and to open the highway named in the petition, and to levy a tax for the payment of the damages. A jury was waived and the cause was tried by the court, and stipulation of the parties that it should be tried as though a full answer was filed, and that the answer should be considered as a return to the writ.

The answer admits the facts set up in the writ, except those denied by stipulation, and the questions submitted to the court on the trial were such as arise from the controverted facts, and the legal questions therein specified. The court

heard the case on the points submitted and ordered a peremptory writ of mandamus. The road in question ran on township line between two different townships, to wit, Mt. Morris and Pine Creek. The supervisors, to whom the cause had been appealed from an order of the commissioners of highways refusing to lay out the road, made an order at Polo, outside the towns, August 30, 1890, to lay out the road. On the 3d day of September, 1890, a copy of this order was filed with the town clerk of Pine Creek, and in March, 1893, with the town clerk of Mt. Morris. A demand was made on the commissioners of highways to lay out the road preliminary to the filing of the petition herein, returnable to the December term, 1893, of the Circuit Court. It is insisted that the order of the supervisors laying out the road was void, because it was done outside the towns in which the road was to be laid; that there was not a sufficient demand; that the road was not opened within two years after it was laid out. The commissioners claim that the filing the copy of the order laying out the road with one town clerk only, was sufficient to complete the laying out the road; and that the statute of limitations has run against its opening; and if that did not operate to complete the laying out of the road, a delay of nearly three years in filing a copy of the order of the supervisors laying it out, with the town clerk of Mt. Morris, was unreasonable delay, and therefore the supervisors lost jurisdiction of it. The above are the questions to be considered by this court.

Section 30 of chapter 121 of Hurd's Revised Statutes of 1893, provides that "all public roads laid out as herein provided, shall be opened within two years of the time of laying out the same: if not opened within the time aforesaid, the same shall be deemed to be vacated." It will appear from the reading of the above statute, that if the road was laid out at the time a copy of the final order laying out the same was filed with the town clerk of Pine Creek township, then the statute had run against it; for more than two years had elapsed between that time and the filing of the petition herein. We are of the opinion, however, that in cases of

this kind, where the road is laid out by the joint act of the
commissioners of both towns, or of the supervisors on
appeal, and in view of the provisions of the statute requiring
a copy of the final order to be filed with the town clerk of
each township, that the laying out of the road is not com-
pleted until the filing of the final order in each township.
It then remains to be considered whether a delay of three
years in filing the final order of laying out the road with the
town clerk of Mt. Morris, was a sufficient compliance with
the statute.    The statute requires that before a public road
on a town line is legally laid out, so as to make it the duty
of the commissioners to open it, and before they can be
compelled to do so by mandamus, or otherwise, a copy of the
final order shall be filed with the town clerk of each town,
but does not fix the time in which it shall be done.    Wright v.
The Commissioners of Highways, 145 Ill. 48.    Where the
road is to be laid out wholly in one town, the statute requires
the final order to be filed with the town clerk within five
days from its execution, but not so in cases like the one at
bar.    It is further decided in the case above cited of Wright
v. The Commissioners, if the filing is done within a rea-
sonable time, that will be regarded as a compliance with the
statute.    The main question to be decided here is, whether
the delay mentioned in filing the final order with the town
clerk of Mt. Morris was unreasonable.    It is claimed
by appellee that the last mentioned point is not one of
the questions presented by the agreement of the parties.
We think, however, that the agreement, properly under-
stood, raised that question.    The third point of law submit-
ted was, " did the failure of the supervisors to file in the office
of the town clerk of Mt. Morris, within five days after it was
made, operate in law as an annulment of the order laying
out of the said road."    While it is not precisely submitted
whether the filing of the order with the town clerk of Mt.
Morris was within a reasonable time, it was, we think, the
intention to submit to the court the real question, whether
it was so filed; and not to restrict the court to the question
whether five days was within a reasonable time.    We think

this would be too narrow a construction of the agreement. There is no doubt that the filing of a final order laying out a road, is a condition precedent to its being legally laid out. Poole et al. v. Breese, 114 Ill. 594. In Commissioners of Highways v. Barry, 66 Ill. 499, the Supreme Court held that the lapse of one year and two months from the time of posting the petition for the road until the filing of the final order laying out the same was unreasonable delay, even though there was no specific time required by statute in which to file the order. As will be seen by reference to the statute requiring a road to be opened, it must be done within two years from the time it is laid out. It seems to be the policy of the law that when a road is laid out it must be opened within a short time, and also by the decision in the Barry case, *supra*, that after the starting of the proceedings to lay out a road, it must be completed within, at least, one year and two months, *i. e.*, within a reasonable time.

We think then, in view of all the analogies of the law, and the evident intention of the legislature not to allow the laying out of a road to be suspended indefinitely after proceedings are started, that, as in this case, a delay of nearly three years in filing the copy of the final order with the town clerk of Mt. Morris, was fatal to the legality of the road.

It is admitted that there was no town clerk in Mt. Morris from the date of the order of establishing the road, till shortly before the filing the copy of the final order with the town clerk of said town March 18, 1893. The people have a legal remedy and power to complete the filling of vacancies in the town clerk's office when one exists, and we know of no rule of law to excuse the laying out of a road for so long a period of time, on the mere excuse there was no town clerk with whom to file their final order. In the view we take of the case, it is not necessary to pass on the other questions in the case presented by counsel for appellant. The judgment of the Circuit Court is therefore reversed, and the cause remanded.

Judge CARTWRIGHT took no part in the decision.