**Rudolph S. Blome and William J. Sinek, Trading as Rudolph S. Blome Co., Defendants in Error, v. Illinois Portland Cement Paving Company, Plaintiff in Error.**

### Gen. No. 17,217.

1. ESTOPPEL—*necessity of encouraging prejudicial acts.* Though persons licensed to lay pavement containing an invention covered by letters patent wrote letters to the licensors which stated the amount of pavement laid under the terms of the contract, they were not thereby estopped, in an action for sums due under the

172    Appellate Courts of Illinois.

Blome et al. v. Illinois Portland Cement Pav. Co., 172 Ill. App. 171.

contract, from showing that the letters were written under a misapprehension as to what the terms of the contract covered and that the material laid was not the substance covered therein, as there was no misrepresentation of fact which either induced or encouraged the licensors to act differently than they otherwise would have acted.

2. Contracts—*construction.* Under a contract which licensed persons to lay pavement containing an invention covered by letters patent, requiring the making of reports to the licensors of the laying of any pavement containing the invention, the paying therefor of a certain sum per square yard, and reserving to the licensors the right to contract to lay pavements and to license others, the licensee is not required to use the patent of the licensor in all the pavement constructed, but merely to do the things agreed on in case it does so use the material.

Error to the Municipal Court of Chicago; the Hon. Stephen A. Foster, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1911. Reversed and remanded. Opinion filed October 1, 1912.

S. E. Lambert, for plaintiff in error.

Perley .H. Bishop, for defendants in error.

Mr. Presiding Justice Clark delivered the opinion of the court.

In December, 1908, the defendants in error, hereinafter called the plaintiffs, issued a license to the plaintiff in error, hereinafter called the defendant, to lay pavements in the City of Chicago, "embodying and containing the invention of said letters patent," the letters patent being described as No. 855,105. In the contract granting the license it was provided that the defendant should make full and true reports in writing to the plaintiff, under oath if required, within thirty days after the completion of the laying by it of any pavements "containing the invention of said letters patent," and to pay within thirty days after the completion of the work twenty-five cents per square yard. The plaintiffs reserved to themselves the right to enter into any public or private contracts for the

Blome et al. v. Illinois Portland Cement Pav. Co., 172 Ill. App. 171.

laying of pavements, and also the privilege of li-
censing any other person, firm or corporation to lay
pavements in the City of Chicago by public contract.
The plaintiffs further agreed to use their best efforts
to secure any permits from the City of Chicago that
the defendant might desire.

The record shows that in July, 1909, a statement of
the indebtedness admitted to be due to the plaintiffs
was made by the defendant, detailing the number of
yards of pavement said to have been laid and to be
subject to the terms of the contract, and a remittance
was made for the amount at twelve and one-half cents
per square yard. The change from twenty-five cents to
twelve and one-half cents per square yard is appar-
ently not explained. In December, 1909, a similar
statement was made showing, as expressed, "a total
yardage of 6,661⅔ square yards."

There was a trial before the court without a jury,
and a finding for a portion of the amount claimed,
and a judgment entered thereon.

It is insisted by the defendant, first, that the pat-
ent No. 855,105 was not issued to the plaintiffs and
did not cover improvements in pavements and meth-
ods of making the same. There was, however, intro-
duced in evidence patent No. 856,105 and it is evident
that the court rendered the finding upon the assump-
tion that the latter patent was the one intended to
have been referred to in the contract and the one
the parties had in mind when the contract was en-
tered into. At the trial the defendant attempted to
show that the letters written, which included a state-
ment of the amount of pavement admitted therein to
have been laid under the terms of the contract, were
written under misapprehension; that the defendant
did not know at the time it entered into the contract
what was covered by patent No. 855,105 or by No.
856,105; that after writing the letters it discovered
that the pavement which it had been laying was not

covered by the letters patent, but was of a very different mixture and very different construction. The court held that it was estopped by the letters it had written from making this defense. In this we think the court erred. There was no misrepresentation by the defendant, and there is nothing which it did which either induced or encouraged the plaintiffs to act differently than they otherwise would have acted. Weaver v. Peasley & Co., 163 Ill. 251.

Defendant was not required by the contract to use the patent of the plaintiffs in all the paving which it constructed. The contract merely provides that when pavement was laid by the defendant of the kind protected by the plaintiffs' patent (wrongly described) it should pay the amount specified. We think the evidence with reference to the matter should have been received. The judgment will be reversed and the cause remanded.

*Reversed and remanded.*